UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

JAMES BUSH,

        Plaintiff,

vs.

THE WHITING-TURNER
CONTRACTING CO., a
Maryland corporation,

        Defendant.

_____/

CASE NO.: **00-6224**

**CIV-DIMITROULEAS**

**MAGISTRATE JUDGE
JOHNSON**

## NOTICE OF REMOVAL

      Defendant, THE WHITING-TURNER CONTRACTING CO. ("Whiting-Turner"),
files its Notice of Removal of an action pending in the Circuit Court of the
Seventeenth Judicial Circuit, in and for Broward County, Florida, to the United States
District Court, Southern District of Florida, Ft. Lauderdale Division, being the district
and division in which the action is pending, and states as follows:

      1.    Plaintiff, JAMES BUSH ("Plaintiff"), commenced this action against
Whiting-Turner in the Circuit Court of the Seventeenth Judicial Circuit in and for
Broward County, Florida, in a case styled <u>James Bush v. The Whiting-Turner
Contracting Co.</u>, Case No. 00-001272-CACE-07.

2.     All process, pleadings, and orders, as well as all pending motions which have been filed in this case, are attached to this Notice of Removal.

3.     This action was commenced when Plaintiff filed his Complaint on or about January 24, 2000.  A Summons and the Complaint were served on Whiting-Turner on or about January 25, 2000.  Accordingly, pursuant to 28 U.S.C. § 1446(b), Whiting-Turner has timely filed this Notice of Removal in that it is being filed within thirty (30) days from service.

4.     This Court has original jurisdiction of the action under the provisions of 28 U.S.C. § 1441, in that it is a civil action of which the district courts have original jurisdiction founded on a claim or right arising under the laws of the United States.

5.     The allegations of the Complaint concern discrimination claims and raise a federal question under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626 et seq., and Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), federal statutes prohibiting discrimination.  Plaintiff also asserts an ancillary state law claim under the Florida Civil Rights Act, Chapter 760, Florida Statutes ("Chapter 760") (a parallel Florida law prohibiting discrimination), and a claim for unpaid wages, under Fla. Stat. § 448.08, arising out of the same facts underlying his federal statutory claims.

6.     Whiting-Turner respectfully requests that the United States District Court for the Southern District of Florida accept this Notice of Removal and that it

-2-

assume jurisdiction of this cause and issue such further orders and process as may be necessary to bring before it all parties necessary for the trial hereof.

WHEREFORE, Defendant, THE WHITING-TURNER CONTRACTING CO., prays that the above action be removed from the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida.

Respectfully submitted,

SHUTTS & BOWEN
Attorneys for Defendant
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (Facsimile)

By: _____

Sheila M. Cesarano
Florida Bar No. 708364

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this ___ day of February, 2000 to **DAVID H. POLLACK, ESQ.**, 25 S.E. 2nd Avenue, Suite 1020, The Ingraham Building, Miami, Florida 33131.

_____

OF COUNSEL

MIADOCS 319189.1 KLL

-3-

IN THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

JAMES BUSH,

      Plaintiff

v.

THE WHITING-TURNER
CONTRACTING CO.,
a Maryland corporation,

      Defendant

_____/

GENERAL JURISDICTION

CIVIL DIVISION      **00001272**
CASE NO.

JAN 24 2000

**07**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JAMES BUSH sues Defendant THE WHITING-TURNER CONTRACTING

Co. and alleges:

1.      This is an action in excess of $15,000, exclusive of costs, interest, and attorney's

      fees.

2.      Plaintiff JAMES BUSH ["Bush"] is a resident of Miami-Dade County, Florida

      and sui juris.

3.      Defendant THE WHITING-TURNER CONTRACTING CO. ["Whiting-Turner"]

      is a Maryland corporation with its principal place of business in Baltimore,

      Maryland.

4.      This Court has jurisdiction over this action pursuant to 42 USC § 2000e, 29 USC

      § 626 and Fla.Stat. § 760.11

5.      This Court has jurisdiction over the Defendant pursuant to Fla.Stat. 48.193

      because the defendant is registered to do business in Florida, operates, conducts

      or carries on a business in Florida, has an office or agency in Florida, has

committed an unlawful act in Florida and has conducted substantial and not isolated activities in the state of Florida.

6.     Venue is properly laid in Broward County, Florida because the discriminatory conduct that is the subject of this lawsuit occurred in Broward County, Florida and/or because the defendant resides in Broward County.

7.     All conditions precedent to the filing of this action have been satisfied.

## FACTUAL BACKGROUND

8.     Plaintiff Bush is a 54-year-old African American male with 34 ½ years of work experience in the construction industry.    During the time he has worked in construction, plaintiff has been responsible for overseeing a number of large commercial construction projects for companies such as Jackson Memorial Hospital, Attorney's Title, the Pan American Credit Union, and the University of Miami.

9.     Defendant Whiting-Turner is a national engineering and contracting firm with offices in 16 cities throughout the United States.    Upon information and belief, it receives a substantial portion of its revenues from contracts involving the federal government.

10.    On or about June, 1997, plaintiff was hired by Whiting-Turner as a construction foreman in Miami-Dade and Broward County at a salary of $11.10 per hour. Shortly thereafter, plaintiff was promoted to the position of assistant superintendent and told that he would be receiving a salary increase.  However, Plaintiff did not receive the salary increase until five months after he began

2

working as an assistant superintendent.

11.    On or about the same time plaintiff was promoted to assistant superintendent, Whiting-Turner hired a 28-year old white male with little to no experience in construction as an assistant superintendent.

12.    Although the white male assistant superintendent performed the same job and had the same responsibilities as plaintiff, the white male assistant superintendent received substantially higher pay than the plaintiff. He also received certain benefits of employment which plaintiff was denied.

13.    Plaintiff repeatedly approached his supervisor and/or other managerial employees at Whiting-Turner to inquire about the disparity between his salary and that of other white male assistant superintendents performing the same job as him. He also repeatedly requested that he receive the same semi-annual performance review as other employees on his job crew and/or in his position. However, plaintiff never received a performance review or an explanation as to the disparity in his salary.

14.    During the course of plaintiff's employment with Whiting-Turner, he was routinely excluded from various social and professional gatherings and opportunities for professional development which other white employees were invited to, including, but not limited to, work related trips, seminars, and Equal Employment Opportunity trainings.

15.    Upon information and belief, plaintiff is the lowest paid assistant superintendent in Florida and the only African-American.

3

16.    Upon information and belief, plaintiff is the oldest employee at his work site.

17.    On or about April 2, 1999, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. A copy of the Charge of Discrimination is attached hereto as Exhibit A.

18.    On or about October 26, 1999, Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit B.

## COUNT I — VIOLATION OF 42 U.S.C. § 2000e
### (Race Discrimination Claim)

19.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-18.

20.    Plaintiff is an African American and an individual within the meaning of 42 U.S.C. § 2000e-2.

21.    Defendant is an employer within the meaning of 42 U.S.C. § 2000e-2.

22.    During the course of plaintiff's employment with the defendant, plaintiff was subjected to unlawful employment discrimination based on his race. Specifically, plaintiff was paid less than other non-African American employees in the same position with the same job responsibilities as plaintiff because of his race.

23.    During the course of plaintiff's employment with the defendant, plaintiff was denied the same benefits of employment and/or the same terms, conditions, and privileges of employment as non-African American employees because of his race

4

as more fully described herein.

24.    Plaintiff's race was a motivating factor in defendant's decision to unlawfully discriminate against him based on his race.

25.    As a direct and proximate result of defendant's unlawful discrimination, plaintiff has suffered damage in excess of $15,000.00.

WHEREFORE Plaintiff requests this Court enter judgment in his favor, including compensatory damages, costs, attorney's fees pursuant to 42 U.S.C. § 2000e-5, prejudgment interest, and other relief this Court deems just and proper.

### COUNT II — VIOLATION OF 29 USC § 623
#### (Age Discrimination in Employment Act ["ADEA"] Claim)

26.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-18.

27.    Plaintiff is over 40 years of age and an individual within the meaning of 29 USC § 623.

28.    Defendant is an employer within the meaning of 29 USC § 623.

29.    During the course of plaintiff's employment with the defendant, plaintiff was subjected to unlawful employment discrimination with respect to his compensation based on his age. Specifically, plaintiff was paid less than younger, less experienced employees in the same position with the same job responsibilities as plaintiff.

30.    During the course of plaintiff's employment with the defendant, plaintiff was also denied the same benefits of employment and/or the same terms, conditions, and

privileges of employment because of his age.

31.    Plaintiff's age was a motivating factor in defendant's decision to unlawfully discriminate against him based on his race.

32.    As a direct and proximate result of defendant's unlawful discrimination, plaintiff has suffered damage in excess of $15,000.00.

WHEREFORE Plaintiff requests this Court enter judgment in his favor, including compensatory damages, costs, attorney's fees pursuant to 29 USC § 626, prejudgment interest, and other relief this Court deems just and proper.

## COUNT III — VIOLATION OF FLA. STAT § 760.10
### (Race discrimination claim)

33.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-18.

34.    Plaintiff. is an African American and an individual within the meaning of Fla.Stat. § 760.10.

35.    Defendant is an employer within the meaning of Fla.Stat. § 760.10.

36.    During the course of plaintiff's employment with the defendant, plaintiff was subjected to unlawful employment discrimination based on his race. Specifically, plaintiff was paid less than other non-African American employees in the same position with the same job responsibilities as plaintiff as more fully described herein.

37.    During the course of plaintiff's employment with the defendant, plaintiff was denied the same benefits of employment and/or the same terms, conditions, and

privileges of employment as non-African American employees because of his race as more fully described herein.

38.    Plaintiff's race was a motivating factor in defendant's decision to unlawfully discriminate against him based on his race.

39.    As a direct and proximate result of defendant's unlawful discrimination, plaintiff has suffered damage in excess of $15,000.00.

WHEREFORE Plaintiff requests this Court enter judgment in his favor, including compensatory damages, costs, attorney's fees pursuant to Fla.Stat. § 760.11, prejudgment interest, and other relief this Court deems just and proper.

## COUNT IV — VIOLATION OF FLA. STAT. § 760.10
### (Age Discrimination Claim)

40.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-18.

41.    Plaintiff is over 40 years of age and an individual within the meaning of Fla.Stat.§ 760.10.

42.    Defendant is an employer within the meaning of Fla.Stat. § 760.10.

43.    During the course of plaintiff's employment with the defendant, plaintiff was subjected to unlawful employment discrimination based on his age. Specifically, plaintiff was paid less than younger, less experienced employees in the same position with the same job responsibilities as plaintiff.

44.    During the course of plaintiff's employment with the defendant, plaintiff was denied the same benefits of employment and/or the same terms, conditions, and

7

privileges of employment because of his age as more fully described herein.

45.　Plaintiff's age was a motivating factor in defendant's decision to unlawfully discriminate against him based on his race.

46.　As a direct and proximate result of defendant's unlawful discrimination, plaintiff has suffered damage in excess of $15,000.00.

WHEREFORE Plaintiff requests this Court enter judgment in his favor, including compensatory damages, costs, attorney's fees pursuant to Fla.Stat. § 760.10, prejudgment interest, and other relief this Court deems just and proper.

## COUNT V — VIOLATION OF FLA.STAT § 448.08
## (UNPAID WAGES CLAIM)

47.　Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-8.

48.　Plaintiff is an employee within the meaning of Chapter 48, Florida Statutes.

49.　Defendant is an employer within the meaning of Chapter 48, Florida Statutes.

50.　During the course of plaintiff's employment with defendant, plaintiff earned wages for his work.

51.　Defendant failed to pay plaintiff a portion of his earned wages.

52.　Defendant has been forced to retain undersigned counsel to represent him in collecting his unpaid wages.

WHEREFORE Plaintiff requests this Court enter judgment in his favor, including compensatory damages, attorney's fees pursuant to Fla.Stat. § 448.08, prejudgment interest, and other relief this Court deems just and proper.

8

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

DAVID H. POLLACK, ESQ.
Attorney for Plaintiff
The Ingraham Building
25 S.E. 2nd Avenue   Suite 1020
Miami, FL   33131

BY: _____
DAVID H. POLLACK
Fla. Bar No. 0955840

Dated:

9

# Exhibit A

CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | 150992329 |

Florida Comm. on Human Relations _____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. James T. Bush | (305) 633-9993 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 3824 N.W. 15th Avenue, Miami, FL 33142 | | 12/17/1946 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Whiting Turner Contracting | Cat D (501 +) | (954) 776-0800 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1000 N. Corporate Drive, Fort Lauderdale, FL 33334 | | 011 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 03/22/1999 | 03/22/1999 |
| ☒ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I.  On March 22, 1999 I finally got my first performance review with Eric Plotke, Superintendent and Jeff Cooper, Project Manager. I was hired as a Labor Foreman in June 1997. In October 1997 I was promised a promotion to Asst. Superintendent, but never got the promotion. I performed the duties of an Asst. Supt. from the day I was hired in October 1997. During the period of my employment I was subjecte to different terms and conditions of employment. I was denied mileage on the weekends. I was denied two weeks of paid vacation. A White Asst. Supt., Chuck Bender, age 29, was hired in February 1998 who received mileage and vacation. Mr. Bender was reviewed six months after his hire. I was not. I was denied a trip to Universal Studios that other non-Black employees went on. I was not invited to the Vice President's xmas party in 1998, that other non-Black managers and supervisors attended. To my knowledge I am the lowest paid supervisor in the company. I have three years experience as an Asst. Supt. and approximately 31 years of General Foreman experience in Dade County.

II.  No significant action was taken to address my complaints by my employer. No reason was provided for the disparate treatment.

| | |
|---|---|
| ☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>*James C Bush*<br>Date 4-2-99   Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (Rev. 06/92)

CHARGING PARTY COPY

Apr 02 10:35 1999  CP Initials _____    Chg # 150992329, Attachment Page 1

---------------------------------------------------------------------
Equal Employment Opportunity Commission
Form 5 - Charge of Discrimination, Additional Text
---------------------------------------------------------------------


III.    I believe I have been discriminated against because of my
        race, Black and age, 52, in violation of Title VII of the
        Civil Rights Act of 1964, as amended, and the Age
        Discrimination in Employment Act of 1967, as amended.

# Exhibit B

3. Equal Employment Opportunity Commission

# DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| James T. Bush<br>3824 N.W. 15th Avenue<br>Miami, FL 33142 | Miami District Office<br>Equal Employment Opportunity Commission<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |

☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge Number | EEOC Representative | Telephone No. |
|---|---|---|
| 150 99 2329 | Susan Diaz, Investigator | (305) 530-6055 or 6050 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ We cannot investigate your charge because it was not filed within the time limit required by law.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)* _____

## -- NOTICE OF SUIT RIGHTS --
### *(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. If you decide to sue, you must sue <u>WITHIN 90 DAYS</u> from your receipt of this Notice. Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible. (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

**OCT 26 1999**

*(Date Mailed)*

Federico Costales, District Director

cc:

Whiting Turner Contracting

c/o Robert J. Kimmons, VP E.E.O. Officer

Hampton Plaza, 300 East Joppa Road, Towson

Baltimore, Maryland 21286-3048

EEOC Form 161 (10/96)

IN THE CIRCUIT COURT FOR THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 00-001272-07

JAMES BUSH,

      Plaintiff,

vs.

THE WHITING-TURNER
CONTRACTING CO., a
Maryland corporation,

      Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME

Defendant, THE WHITING-TURNER CONTRACTING CO. ("Whiting-Turner"), by and through its undersigned counsel, hereby respectfully moves this Court to enter an Order to enlarge the period of time to March 10, 2000 within which it may serve its response to Plaintiff's Complaint. As good cause therefore, Whiting-Turner states:

1.    Whiting-Turner's response to the Complaint is due on February 14, 2000.

2.    Undersigned counsel has recently been retained to represent Whiting-Turner and has been unable to fully review the facts of this case.

3.      Due to the press of other litigation, Whiting-Turner requests that the Court grant an extension of time until March 10, 2000 within which it may serve its response to Plaintiff's Complaint.

4.      The requested enlargement of time is necessary and will cause no prejudice to any of the parties.

5.      The Court may for good cause shown and upon timely motion enlarge the time within which an act shall otherwise be done.

6.      Undersigned counsel certifies that she has contacted Plaintiff's counsel, and he does not object to the enlargement of time.

7.      A proposed order is attached hereto.

WHEREFORE, Whiting-Turner respectfully requests that its motion for an enlargement of time to respond to the Complaint be granted.

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
(305) 358-6300
(305) 347-7386 (Facsimile)

By: _____
        Sheila M. Cesarano
        Florida Bar No. 708364

-2-

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed

on this _____ day of February, 2000 to **DAVID H. POLLACK, ESQ.**, 25 S.E. 2nd

Avenue, Suite 1020, The Ingraham Building, Miami, Florida 33131.


_____
OF COUNSEL


MIADOCS 318750.1 KLL

SHUTTS & BOWEN LLP · 1500 MIAMI CENTER · 201 SOUTH BISCAYNE BOULEVARD · MIAMI, FLORIDA 33131 · (305) 358-6300

IN THE CIRCUIT COURT FOR THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 00-001272-07

JAMES BUSH,

      Plaintiff,

vs.

THE WHITING-TURNER
CONTRACTING CO., a
Maryland corporation,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

THIS CAUSE came before the Court on Defendant's Motion for Enlargement of Time, and the Court, having reviewed the Motion and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1.    Defendant's Motion for Enlargement of Time is hereby **GRANTED**.

2.    Defendant shall have up to and including March 10, 2000 within which to serve their response to Plaintiff's Complaint.

DONE AND ORDERED in Chambers at Ft. Lauderdale, Broward County, Florida on this _____ day of February, 2000.

_____
CIRCUIT COURT JUDGE

Sheila M. Cesarano, Esq.
David H. Pollack, Esq.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

FILED by

00 FEB 15 PM 1:02

JAMES BUSH

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT. LAUD.

## DEFENDANTS

00-6224

THE WHITING-TURNER CONTRACTING CO.

CIV-DIMITROULEAS

MAGISTRATE JUDGE
JOHNSON

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David H. Pollack, Esq., 25 SE 2nd Ave., Suite 1020, Miami, FL 33131

ATTORNEYS (IF KNOWN) Sheila M. Cesarano, Esq., Shutts & Bowen, 201 S. Biscayne Blvd, #1500, Miami, FL 33131 (305-379-9103)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☒ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC s 2000e (Title VII), 29 USC s 626 (ADEA)

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE   2/14/00

SIGNATURE OF ATTORNEY OF RECORD   Sheila M. Cesarano

FOR OFFICE USE ONLY

RECEIPT # 518569   AMOUNT $150.00   APPLYING IFP 02-15-00   JUDGE ____   MAG. JUDGE ____