UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

JAMES BUSH,

          Plaintiff,

vs.

THE WHITING-TURNER
CONTRACTING CO., a
Maryland corporation,

          Defendant.

_____/

CASE NO.: 00-6224-CIV-DIMITROULEAS
MAGISTRATE JUDGE JOHNSON



## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, THE WHITING-TURNER CONTRACTING CO. ("Whiting-Turner"),

by and through its undersigned counsel, hereby files its response to the Complaint

as follows:

1.    Defendant admits the allegations contained in Paragraph 1 of the

Complaint for jurisdictional purposes only.

2.    Defendant admits the allegations contained in Paragraph 2 of the

Complaint for jurisdictional purposes only.

3.    Defendant admits the allegations contained in Paragraph 3 of the

Complaint for jurisdictional purposes only.

4.    Defendant admits the allegations contained in Paragraph 4 of the

Complaint for jurisdictional purposes only.



5.     Defendant admits the allegations contained in Paragraph 5 of the Complaint for jurisdictional purposes only.

6.     Defendant admits the allegations contained in Paragraph 6 of the Complaint for jurisdictional purposes only.

7.     Defendant denies the allegations contained in Paragraph 7 of the Complaint.

## **FACTUAL BACKGROUND**

8.     Defendant is without knowledge as to the allegations contained in Paragraph 8 of the Complaint and therefore denies same.

9.     Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant admits that Plaintiff was hired as a construction foreman, but denies the remainder of Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

15.    Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.    Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.    Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18.    Defendant admits the allegations contained in Paragraph 18 of the Complaint.

## COUNT I - VIOLATION OF 42 U.S.C. § 2000e
### (Title VII - Race Discrimination Claim)

19.    Defendant reasserts and incorporates by reference its responses to the allegations in Paragraphs 1 through 18 as if fully set forth herein.

20.    Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21.    Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.    Defendant denies the allegations contained in Paragraph 23 of the Complaint.

-3-

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint, including the "Wherefore" paragraph immediately following Paragraph 25 of the Complaint.

## COUNT II - VIOLATION OF 29 U.S.C. § 623
## (Age Discrimination in Employment Act ["ADEA"] Claim)

26.     Defendant reasserts and incorporates by reference it responses to Paragraphs 1 through 18 as if fully set forth herein.

27.     Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

-4-

32.    Defendant denies the allegations contained in Paragraph 32 of the Complaint, including "Wherefore" paragraph immediately following Paragraph 32 of the Complaint.

## COUNT III - VIOLATION OF FLA. STAT. § 760.10
## (Race Discrimination Claim)

33.    Defendant reasserts and incorporates by reference it responses to Paragraphs 1 through 18 as if fully set forth herein.

34.    Defendant admits the allegations contained in Paragraph 34 of the Complaint.

35.    Defendant admits the allegations contained in Paragraph 35 of the Complaint.

36.    Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.    Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.    Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.    Defendant denies the allegations contained in Paragraph 39 of the Complaint, including the "Wherefore" paragraph immediately following Paragraph 39 of the Complaint.

-5-

## COUNT IV - VIOLATION OF FLA. STAT. § 760.10
## (Age Discrimination Claim)

40.     Defendant reasserts and incorporates by reference it responses to Paragraphs 1 through 18 as if fully set forth herein.

41.     Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint, including the "Wherefore" paragraph immediately following Paragraph 46 of the Complaint.

47.     Defendant denies each and every allegation of the Complaint not specifically admitted herein.

-6-

## COUNT V - VIOLATION OF FLA. STAT. § 448.08
### (Unpaid Wages Claim)

Defendant is filing a Motion to Dismiss Count V of the Complaint simultaneously herewith.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted under either Title VII or the ADEA.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action under the Florida Civil Rights Act ("FCRA"), Florida Statutes, Chapter 760.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to fulfill all the conditions precedent to maintaining this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The employment actions taken by Defendant with respect to Plaintiff do not constitute violations of Title VII, the ADEA, or the FCRA, because such actions were based on reasonable factors other than race and age and were taken for legitimate, non-discriminatory reasons.

-7-

## SIXTH AFFIRMATIVE DEFENSE

Even assuming, *arguendo*, that Plaintiff were able to show a *prima facie* case of discrimination, Defendant would have taken the same actions with respect to Plaintiff for legitimate, non-discriminatory business reasons.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the equitable doctrines of laches, waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim for punitive damages under Title VII or the FCRA in the instant action. Even assuming *arguendo* that Defendant is liable for a violation of Title VII or the FCRA, it did not act willfully, or otherwise engage in any conduct warranting an award of punitive damages.

## NINTH AFFIRMATIVE DEFENSE

Punitive damages are not available under the ADEA.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with his duty to mitigate his damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The relief Plaintiff seeks in the Complaint for the multiple claims asserted is duplicative, and therefore cannot be granted.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358 6300

WHEREFORE, the Defendant requests that:

1.    The Court dismiss the Complaint in its entirety;

2.    Defendant recover its costs and reasonable attorney's fees, in that the

Complaint herein is frivolous and totally without foundation; and

3.    The Defendant be awarded such other and further relief as this Court

deems just and proper.


SHUTTS & BOWEN LLP
Attorneys for Defendant
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
(305) 358-6300
(305) 347-7386 (facsimile)


By:_____
        Sheila M. Cesarano
        Florida Bar No. 708364

-9-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this ___/0___ day of March, 2000 to **DAVID H. POLLACK, ESQ.**, 25 S.E. 2nd Avenue, Suite 1020, The Ingraham Building, Miami, Florida 33131.

OF COUNSEL

MIADOCS 321549.1 KLL

-10-