UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

JAMES BUSH,

      Plaintiff,

vs.

THE WHITING-TURNER
CONTRACTING CO., a
Maryland corporation,

      Defendant.
_____/

CASE NO.: 00-6224-CIV-DIMITROULEAS
MAGISTRATE JUDGE JOHNSON



**DEFENDANT'S MOTION TO DISMISS COUNT V OF THE COMPLAINT
OR, ALTERNATIVELY, MOTION FOR PARTIAL SUMMARY JUDGMENT
AND MEMORANDUM OF LAW**

    Defendant, The Whiting-Turner Contracting Co. ("Whiting-Turner" or "Defendant") pursuant to Fed. R. Civ. P. 12(b), hereby files its Motion to Dismiss Count V of the Complaint or, alternatively, Motion for Partial Summary Judgment as to Count V. Defendant contends that Count V, Plaintiff's Florida state law claim for unpaid wages under Florida Statutes, § 448.08, is preempted by federal law, specifically, § 301 of the Labor Management Relations Act ("LMRA") and must therefore be dismissed. In support of this Motion, Defendant states as follows:



## **DEFENDANT'S MOTION**

1.  This is an action for race and age discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA"). In addition, in Count V of the Complaint,[1] Plaintiff asserts a claim for unpaid wages, which is the subject of the instant Motion.

2.  At all times material herein, Plaintiff was employed by Whiting-Turner under the terms and conditions of a collective bargaining agreement between it and Southeast Florida Laborers' District Council for Unions Nos. 478, 767 and 800 (the "Laborers' Union"), effective May 1, 1996 through April 30, 1998 (attached as Exhibit "A" to Mitchell Affidavit). On May 4, 1998, the Laborers' Union and Defendant entered into an agreement extending the terms of the 1996-1998 collective bargaining agreement for an additional two-year term effective, May 1, 1998 to May 1, 2000, including a revised wage schedule (attached as Exhibit "B" to Mitchell Affidavit) (Exhibits "A" and "B" are collectively referred to herein as the "Union Contract").

3.  At all times material herein, Plaintiff was a member of the Laborers' Union, Local 478, employed by Defendant from on or about May 19, 1997 until his resignation on or about April 13, 1999 (effective April 16, 1999).

---

[1]  Defendant does not contend that Counts I through IV are pre-empted by Section 301 of the LMRA since they assert claims of race and age discrimination which are not arbitrable. See Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974).

4. In Count V of the Complaint, Plaintiff asserts that "Defendant failed to pay Plaintiff a portion of his earned wages" in violation of Florida Statutes § 448.08.

5. Plaintiff's claim in Count V for unpaid wages is governed by the terms of the Union Contract, specifically, Article 22 of the Union Contract covering wages. See Union Contract, Exh. "B," Art. 22).

6. The Union Contract contains a grievance/arbitration clause in Article 3 covering Plaintiff's claim and other employee/management disputes over the terms and conditions of employment covered by the Union Contract.

7. The Union Contract, in Article 3, provides that disputes "arising under the terms of this agreement," shall be settled using the grievance/arbitration procedure in the Union Contract.

8. Plaintiff failed to file a grievance and under the Union Contract over the wage dispute he asserts in Count V of the Complaint.

9. The grievance/arbitration procedure in Article 3 of the Union Contract excludes disputes over work assignment and the payment of wages. Plaintiff's claim in Count V nevertheless falls under Article 3 because Plaintiff mislabels his dispute a "wage claim." Count V of the Complaint really alleges a claim relating to Plaintiff's alleged promotion. Plaintiff thus seeks damages for Whiting-Turner's alleged failure to promote Plaintiff. In this regard, the Complaint states that Whiting-Turner told Plaintiff that he would be promoted to assistant superintendent sometime shortly

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

after June 1997, and that Plaintiff did not receive the promised promotion and associated salary increase until five (5) months later.  See Complaint ¶ 10.

10. Significantly, Plaintiff does not (and cannot) allege that Whiting-Turner failed to pay him his wages.  Indeed, Whiting-Turner clearly did pay Plaintiff his wages for all work performed by him during his employment.  See Mitchell Affidavit, and attached payroll data for Plaintiff from 1997 through 1999.

11. In any event, Plaintiff's employment dispute with Whiting-Turner, under any characterization, must be processed through the grievance/ arbitration mechanism in the Union Contract.

## MEMORANDUM OF LAW

The Court should dismiss Count V because Plaintiff failed to exhaust the grievance/arbitration procedures in the Union Contract as required under § 301 of the LMRA.  See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209-210, 220 (1985).  Where, as here, a collective bargaining agreement provides grievance and arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute.  United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 37 (1987).

To determine whether Whiting-Turner acted improperly, as alleged by Plaintiff in Count V, the Court must consider and interpret the terms of the Union Contract --- a task reserved ultimately for the arbitrator and not the Court.  Thus, Plaintiff is

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

required under § 301 to pursue and exhaust the grievance/arbitration procedures *prior to* filing this lawsuit. See Jackson v. Liquid Carbonic Corp., 863 F.2d 111, 114 (1st Cir. 1988), cert. denied, 490 U.S. 1107 (1989). The fact that Plaintiff's claim may fall under the scope of the Union Contract is alone sufficient to trigger § 301 preemption. Allis-Chalmers Corp. v. Lueck, 471 U.S. at 220. The Complaint does not (and cannot) allege that Plaintiff has exhausted the grievance/arbitration procedures in the Union Contract, as required before filing this lawsuit. Indeed, Whiting-Turner has shown that Plaintiff never filed a grievance over his claim in Count V of the Complaint. See Mitchell Affidavit, ¶ 11. Accordingly, this Court must dismiss Count V of the Complaint because Plaintiff has failed to pursue the grievance/arbitration procedures in the Union Contract as required under § 301 of the LMRA.

Section 301 grants federal courts jurisdiction over employment disputes involving collective bargaining agreements, and also expresses a federal policy that "the substantive law to apply in suits under § 301(a) is federal law, which the courts must fashion from the policy of our national labor laws." Textile Workers v. Lincoln Mills, 353 U.S. 448, 456 (1957); Turner v. American Federation of Teachers, Local 1565, 138 F.3d 878 (11th Cir. 1998) (summary judgment granted to defendant because resolution of plaintiff's torious interference with employment claim would require court to interpret collective bargaining agreement); In re General Motors, 3 F.3d 980 (6th Cir. 1993) (breach of contract, invasion of privacy and

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

misrepresentation claims preempted by § 301). More importantly, § 301 "provides the requisite jurisdiction and remedies for individual employees covered under a collective-bargaining agreement between that individual's employer and the union." Thomas v. LTV Corp., 39 F.3d 611, 616 (5th Cir. 1994) (breach of contract and estoppel claims preempted by § 301).

Section 301 preempts a state law claim where, as here, the Court must analyze a collective bargaining agreement to determine the merits of the claim. Allis-Chalmers Corp. v. Lueck, 471 U.S. at 220 ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim ... or dismissed as pre-empted by federal labor-contract law."). Section 301 preemption occurs where a state claim "is inextricably intertwined with consideration of the terms of the labor contract or when the application of state law to a dispute requires interpretation of the collective bargaining agreement." LTV Corp., 39 F.3d at 616.

In this case, Article 3 of the Union Contract provides that: "all disputes arising under the terms of this agreement, except work assignment disputes and disputes relating to payment of wages, and to fringe benefit contributions, shall be settled [under the Grievance Procedure, including final and binding arbitration]." Although Plaintiff describes his dispute in Count V as a "wage claim," it is in essence a claim for damages over Whiting-Turner's alleged delay in giving Plaintiff his "promised"

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358 6300

promotion. In support of Count V, Plaintiff states that he was told that he was promoted to assistant superintendent on or about June, 1997, but did not receive the promised salary increase until five (5) months later. See Complaint ¶ 10. Plaintiff cannot escape the true nature of his claim by captioning it "unpaid wages." Plaintiff's claim is, in reality, a claim for damages flowing from Whiting-Turner's alleged failure to promote him. Significantly, despite the caption for Count V, Plaintiff does not (and cannot) allege that Whiting-Turner failed to pay him his wages. Indeed, Plaintiff was regularly paid his wages by Whiting-Turner for the entire time he worked for the Company. See Payroll Records attached to Mitchell Affidavit as Exhibit "C."

In further support of Defendant's contention that Count V is not really a claim for "unpaid wages," Robert Mitchell, Whiting-Turner's Vice President, states in his Affidavit that he and his supervisory staff attempted to deal with the Plaintiff over his claim in Count V of the Complaint. In so doing, it was clear that Plaintiff's so-called "wage dispute" was really over the timing of his alleged "promotion" to assistant superintendent. Thus, Plaintiff's claim in Count V of the Complaint is covered by the grievance/arbitration clause in the Union Contract. Plaintiff was required to, but did not, file a grievance under the Union Contract over the employment dispute in Count V of the Complaint.

In the instant case, § 301 clearly preempts Count V of the Complaint. LTV Corp., 39 F.3d at 619 (holding that § 301 preempted plaintiff's intentional infliction of emotional distress claim because an analysis of the union contract was required

to determine the claim); See also, Douglas v. Am. Information Technologies Corp., 877 F.2d 565, 573 (7th Cir. 1989); McCormick v. AT & T Technologies, Inc., 934 F.2d 531 (4th Cir. 1991) (en banc), cert. denied, 502 U.S. 1048 (1992); Burgos v. Southwestern Bell Telephone Co., 20 F.3d 633, 636 (5th Cir. 1994).

When § 301 preempts an employee's claims, the employee's claims are "relegated, in the first instance, to the grievance procedures available under the [union contract]." Jackson v. Liquid Carbonic Corp., 863 F.2d 111, 114 (11th Cir. 1988). Where a union contract provides "grievance and arbitration procedures, ***those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute***." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 37 (1987) (emphasis added); Republic Steel Corp. v. Maddox, 379 U.S. 650, 652 (1965) ("As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress.") (emphasis in original).

Here, Plaintiff is required to pursue and exhaust the grievance/arbitration procedures outlined in Article 3 of the Union Contract. Plaintiff has not (and cannot) allege that he pursued and/or exhausted the grievance/arbitration procedures delineated in the Union Contract. See Sams v. United Food & Commercial Workers Union, 835 F.2d 848, 850 (11th Cir. 1988) (affirming circuit court's dismissal of § 301

claims because there was no evidence that plaintiffs used or exhausted the grievance procedures). Plaintiff is thus avoiding the grievance procedure in the Union Contract by asking the Court to decide the merits of his claim, essentially protesting the timing of his allegedly "promised" promotion. This the Court cannot do. As the Supreme Court has held, the role of the court is very limited when the parties have agreed to submit employment disputes to a grievance procedure. <u>United Steelworkers of Am. v. Am. Manufacturing Co.</u>, 363 U.S. 564, 567-569 (1960) ("When the judiciary undertakes to determine the merits of a grievance under the guise of interpreting the grievance procedure of collective bargaining agreements, it usurps a function which under that regime is entrusted to the arbitration tribunal."). As one Circuit Court stated:

> A plaintiff should not be allowed to bypass the grievance procedures established by the labor contract in a case where his claims are so clearly dependent on interpretation of the terms of that contract. ***Allowing such an end run would surely undermine the structure of industrial self-government.***

<u>Jackson</u>, 863 F.2d at 122 (emphasis added).

For this Court to determine whether Whiting-Turner failed to timely promote the Plaintiff, it must interpret the terms of the Union Contract, a task exclusively reserved for the grievance/arbitration mechanism in the Union Contract. Federal case law under § 301 of the LMRA requires Plaintiff to pursue and exhaust the grievance/arbitration procedures in the Union Contract ***prior to*** filing this lawsuit.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

WHEREFORE, Defendant requests that this Court enter an Order dismissing Count V of the Complaint as preempted by § 301 of the LMRA, awarding Defendant its costs and attorneys' fees, and for such further relief as the Court deems proper.

Respectfully submitted,

SHUTTS & BOWEN
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this ___10___ day of March, 2000 to **DAVID H. POLLACK, ESQ.**, 25 S.E. 2nd Avenue, Suite 1020, The Ingraham Building, Miami, Florida 33131.

_____
OF COUNSEL

MIADOCS 324536.1 KLL