UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

JAMES BUSH,

    Plaintiff,

vs.

THE WHITING-TURNER
CONTRACTING CO., a
Maryland corporation,

    Defendant.
_____/

CASE NO.: 00-6224-CIV-DIMITROULEAS
MAGISTRATE JUDGE JOHNSON

### DEFENDANT'S NOTICE OF FILING AFFIDAVIT IN SUPPORT OF ITS MOTION TO DISMISS COUNT V OF THE COMPLAINT

Defendant, THE WHITING-TURNER CONTRACTING CO. ("Whiting-Turner"), by and through its undersigned counsel, hereby files the attached original Affidavit of Robert Mitchell in support of its Motion to Dismiss Count V of the Complaint or, Alternatively, Motion for Partial Summary Judgment and Memorandum of Law.

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar No. 708364

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this __10__ day of March, 2000 to **DAVID H. POLLACK, ESQ.**, 25 S.E. 2nd Avenue, Suite 1020, The Ingraham Building, Miami, Florida 33131.

_____
OF COUNSEL

MIADOCS 326217.1 KLL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

JAMES BUSH,                              CASE NO.: 00-6224-CIV-DIMITROULEAS
                                         MAGISTRATE JUDGE JOHNSON
    Plaintiff,

vs.

THE WHITING-TURNER
CONTRACTING CO., a
Maryland corporation,

    Defendant.
_____/

## AFFIDAVIT OF ROBERT MITCHELL

STATE OF FLORIDA    )
                    ) SS:
COUNTY OF BROWARD)

    BEFORE ME, the undersigned authority, did personally appear ROBERT MITCHELL, who, being first duly sworn, deposes and says as follows:

    1.    I am over 18 years of age and make this affidavit based on my personal knowledge and a review of the records maintained by The Whiting-Turner Contracting Co. ("Whiting-Turner").

2.  I am a Vice President for Whiting-Turner. My office is located in Ft. Lauderdale, Florida.

3.  I am the Vice President in charge of the projects that Plaintiff worked on for Whiting-Turner in South Florida.

4.  Whiting-Turner hired the Plaintiff, James Bush, on May 19, 1997. At the time, Plaintiff was referred to work for Whiting-Turner as a Laborer Foreman by Plaintiff's Union, the Southeast Florida Laborers' District Council, Local No. 478.

5.  At all times that Plaintiff worked for Whiting-Turner, he remained a member of the Laborers' Union, and paid union dues.

6.  As a Laborers' Union member, the Plaintiff was subject to the terms and conditions of the collective bargaining agreement between Whiting-Turner and the Southeast Florida Laborers' District Council, representing Locals 478, 767 and 800. This Union contract was effective May 1, 1996 through April 30, 1998, and then renewed for another two-year term effective May 1, 1998 to May 1, 2000, with a higher wage schedule. (I have attached hereto true copies, marked Exhibits "A" and "B," of these agreements, collectively referred to herein as the "Union Contract").

7.  The Union Contract, in Article 3, contains a grievance/arbitration procedure in Article 3 covering employee disputes with management over the terms and conditions of employment covered by the Union Contract, which procedure provides for final and binding arbitration.

8. Although Plaintiff describes his dispute as a "wage claim," it is in essence a dispute over the timing of his alleged promotion, and thus is a dispute covered under the grievance/arbitration clause of the Union Contract. Significantly, Plaintiff does <u>not</u> (and cannot) allege that Whiting-Turner failed to pay him his wages. Plaintiff instead states that he was told that he was promoted to assistant superintendent, but did not receive the promised salary increase until five (5) months later. <u>See</u> Complaint ¶ 10.

9. Plaintiff was regularly paid all of his wages by Whiting-Turner for the entire time he worked for the Company. <u>See</u> Payroll Records attached hereto as Exhibit "C."

10. I and my supervisory staff attempted to deal with the Plaintiff over his claim in Count V of the Complaint. Thus, on or about April 13, 1999 Plaintiff stated that his complaint over his "wages" was really over Whiting-Turner's alleged failure to timely promote him to assistant superintendent.

11. Plaintiff but did not file a grievance under the Union Contract over the promotion dispute he asserts as a "wage claim" in Count V of the Complaint.

FURTHER AFFIANT SAYETH NAUGHT.

_____
ROBERT MITCHELL

SWORN TO AND SUBSCRIBED before me this ___10___ day of March, 2000.

_____
NOTARY PUBLIC,
At Large
My Commission Expires:

Patricia Ann Miller
MY COMMISSION # CC717063 EXPIRES
March 2, 2002
BONDED THRU TROY FAIN INSURANCE, INC.

____ Personally known, or
____ Produced I.D. _____

MIADOCS 324826 1 KLL

- 4 -

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE