UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

JAMES BUSH,       CASE NO. 00-6224-CIV-DIMITROULEAS
MAGISTRATE JUDGE JOHNSON

    Plaintiff

v.

THE WHITING-TURNER
CONTRACTING CO.,
a Maryland corporation,

    Defendant
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS COUNT V OF THE COMPLAINT OR,
ALTERNATIVELY, MOTION FOR PARTIAL SUMMARY
JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff JAMES BUSH files his response to Defendant's Motion to Dismiss Count V of the Complaint or, alternatively, Motion for Partial Summary Judgment. This Court should deny the motion because plaintiff's claim pursuant to Fla.Stat. 448.08 is not preempted by Section 301 of the Labor Management Relations Act ("LMRA").

Plaintiff does not dispute that if his union contract required him to submit grievances related to the payment of wages to arbitration that his claim under Fla.Stat. 448.08 would be preempted by Section 301 of the LMRA. However, that is not the case here. By defendant's own admission, the Union Contract which governs plaintiff's employment <u>specifically excludes</u> disputes over work assignment and the payment of wages. Accordingly, plaintiff is free to litigate any claims falling within the exclusion, including claims for unpaid wages, without first exhausting the administrative remedies set forth in his collective bargaining agreement.



Although Section 301 preempts a state law claim where a court is required to analyze a collective bargaining agreement to determine the merits of the claim, it does not -- and cannot -- preempt claims which are beyond the purview of the collective bargaining agreement. Livadas v. Bradshaw, 512 U.S. 107, 114 S.Ct. 2068, 129 L.Ed 2d 93 (1994). Indeed, because the "arbitration is a matter of contract, . . . a party cannot be required to submit to arbitration any dispute which he has not agreed to submit." Steelworkers v. Swarrior & Gulf Nav. Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1353 (1960); see also Bradshaw, 114 S.Ct. at 2078 n. 17 (Section 301 does not prevent state courts from interpreting the terms of collective-bargaining agreements in resolving non-preempted state law claims).

The complaint in this case is unambiguous. The plaintiff alleged that he was hired in June, 1997 as a construction foreman at a salary of $11.10 an hour. (Complaint, paragraph 10). He also alleged that shortly thereafter he was promoted to the position of assistant superintendent and told he would be receiving a salary increase, but that he did not receive the salary he was promised until five months after he started working assistant superintendent. (Complaint, paragraph 10). Those allegations are substantiated in plaintiff's sworn affidavit, which clearly states that he did not receive the salary increase he was supposed to in October, 1997 until March, 1998, even though he assumed the responsibilities of the higher position and was regarded by others as having been promoted five months earlier. See Affidavit of James Bush.

Defendant argues that plaintiff's claim for unpaid wages is not actually a claim for wages, but rather one over the timing of plaintiff's promotion. Defendant's position, however, is not supported by either the allegations of the complaint or Mr. Bush's affidavit, which clearly

2

indicates that his promotion had commenced in October, 1997 and that he was performing the job of assistant superintendent at that time. While the affidavit submitted by plaintiff's corporate representative may opine that plaintiff's complaint "over his 'wages' was really over Whiting-Turner's alleged failure to timely promote him to assistant superintendent, that issue turns on facts, not on his conclusory belief regarding the characterization of plaintiff's claim. Where, as here, the evidence on when plaintiff assumed the responsibilities of assistant superintendent and when he was regarded by others is clearly in dispute, summary judgment on this issue is clearly improper.[1/] Accordingly, Whiting-Turner's Motion to Dismiss Count V of Plaintiff's Complaint, or alternatively, Motion for Summary Judgment, should be denied.

                                                  Respectfully submitted,

                                                  DAVID H. POLLACK, ESQ.
                                                  Attorney for Plaintiff
                                                  The Ingraham Building
                                                  25 S.E. 2nd Avenue   Suite 1020
                                                  Miami, FL   33131

                                                  BY: _____

                                                  DAVID H. POLLACK
                                                  Fla. Bar No. 0955840

---

[1/] Defendant attempts to bolster its argument that plaintiff was paid his wages by attaching a printout of the wages it paid him. This is a red herring. Plaintiff is not claiming he was not paid any monies during the period from October, 1997 to March, 1998. Rather, he is claiming that the monies he was paid were not what he was owed given the fact that he was acting as an assistant superintendent at the time. Accordingly, defendant's "proof" of payment of wages is irrelevant with regard to plaintiff's claim.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this ___ 27th day of March, 2000 to: Sheila Cesarano, Esq., 201 S. Biscayne Blvd., 1500 Miami Center, Miami, FL 33131.

BY: _____
DAVID H. POLLACK
Fla. Bar No. 0955840