UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JAMES BUSH,

    Plaintiff,

vs.

THE WHITING-TURNER
CONTRACTING CO., a
Maryland corporation,

    Defendant.
_____/

CASE NO.: 00-6224-CIV-DIMITROULEAS
MAGISTRATE JUDGE JOHNSON

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ITS
MOTION TO DISMISS COUNT V OF THE COMPLAINT**

Defendant, The Whiting-Turner Contracting Co. ("Whiting-Turner"), replies to Plaintiff James Bush's ("Plaintiff") Response to Defendant's Motion to Dismiss Count V of the Complaint or, alternatively, Motion for Partial Summary Judgment as to Count V ("Plaintiff's Response").

Plaintiff attempts to bypass the arbitration requirements of the collective bargaining agreement (the "collective bargaining agreement") between Whiting-Turner and Southeast Florida Laborers' District Council for Unions Nos. 478, 767 and 800 (the "Laborers' Union"), of which he was a member, by transforming his failure to promote claim into a "wage" claim. Although Plaintiff concedes that he was required to submit grievances to arbitration pursuant to the collective bargaining



agreement, Plaintiff attempts to exclude his failure to promote claim by mislabeling it a "wage" claim.

This Court should allow the arbitrator to decide Plaintiff's failure to promote claim. A strong federal policy exists favoring arbitration of arbitrable claims. See Randolph v. Green Tree Financial Corp.-Alabama, 178 F.3d 1149, 1157 (11th Cir. 1999). The wage exception in the collective bargaining agreement was created only for those occasions in which an employee claimed that his/her overtime or hours worked were not paid by the employer. The Laborers Union and Whiting-Turner included the wage exception in the collective bargaining agreement because they did not wish to spend thousands of dollars in attorneys' fees and costs only to arbitrate every paycheck discrepancy, often involving less than a hundred dollars.

The law states that, "When the judiciary undertakes to determine the merits of a grievance under the guise of interpreting the grievance procedure of collective bargaining agreements, it usurps a function which under that regime is entrusted to the arbitration tribunal." United Steelworkers of Am. v. Am. Manufacturing Co., 363 U.S. 564, 567-569 (1960). In this case, interpreting whether Plaintiff's claim is truly a wage claim or, rather, a disguised failure to promote claim, would require an analysis of the collective bargaining agreement.

Accordingly, the Court should dismiss Count V because Plaintiff failed to exhaust the grievance/arbitration procedures in the Union Contract as required under § 301 of the LMRA. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209-210,

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

220 (1985). Where, as here, a collective bargaining agreement provides for grievance and arbitration procedures, those procedures must first be exhausted. Courts thus must order the parties to resort to their agreed-upon dispute resolution mechanism here, the grievance and arbitration procedure in the Union Contract. <u>United Paperworkers Int'l Union v. Misco, Inc.</u>, 484 U.S. 29, 37 (1987).

WHEREFORE, The Whiting-Turner Contracting Co. requests that this Court enter an Order dismissing Count V of the Complaint as preempted by § 301 of the LMRA, awarding Defendant its costs and attorneys' fees, and for such further relief as the Court deems proper.

Respectfully submitted,

SHUTTS & BOWEN
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
(305) 358-6300
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this  5  day of April, 2000 to **DAVID H. POLLACK, ESQ.**, 25 S.E. 2nd Avenue, Suite 1020, The Ingraham Building, Miami, Florida 33131.

_____
OF COUNSEL

MIADOCS 332204 1 RGL