UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6224-CIV-DIMITROULEAS

JAMES BUSH,

    Plaintiff,

vs.

Magistrate Judge Johnson

THE WHITING-TURNER
CONTRACTING CO.,

    Defendant.



## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT V OR FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT V

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Count V [DE 9-1] or for Partial Summary Judgment [DE 9-2]. The Court has carefully considered the motion, response and reply thereto, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff initiated this action by filing in state court a five count Complaint alleging four counts of race and age discrimination under federal and state law against his employer, the defendant in this action.[1] The fifth count alleges violation of Florida Statutes Section 448.08 for unpaid wages owed by Defendant to Plaintiff. Plaintiff alleges in his complaint that he was treated differently due to his race and age in not receiving the same salary and fringe benefits as others performing the same job as an Assistant Superintendent. Plaintiff was initially hired in June of 1997 as a general foreman. The Complaint alleges that he was informed in October 1997 that he was to be promoted to Assistant Superintendent. From that point on, the Complaint

---

[1] Count I is for race discrimination under Title VII of federal law, Count II is for age discrimination under the Age Discrimination in Employment Act ("ADEA"), Count III is for race discrimination under Florida law, and Count IV is for age discrimination under Florida law.



alleges that Plaintiff was treated by both his supervisor and other employees as an Assistant Superintendent. However, Plaintiff alleges that he was not paid his promised salary raise for an additional five months after his October, 1997 promotion. Plaintiff alleges that non-black and younger Assistant Superintendents earned more money than he did, received additional fringe benefits, and had better terms and conditions of employment.

Defendant filed an Answer to Counts I, II, III, and IV, and filed the instant motion to dismiss Count V as preempted by Section 301 of the federal Labor Management Relations Act ("LMRA") due to the existence of a collective bargaining agreement that governed employment disputes between Plaintiff, a member of the Southeast Florida Laborers' District Council for Unions Nos. 478, 767 and 800 ("Laborers' Union") and Defendant. Plaintiff acknowledges the existence of the collective bargaining agreement, but disputes its application to the claim for unpaid wages.

## II. DISCUSSION

Defendant argues that Plaintiff's claim for unpaid wages under Florida Statute Section 448.08 is really a claim for failure to promote to Assistant Superintendent for the five months Plaintiff did not receive the salary raise he expected due to his promotion. Both parties agrees that the collective bargaining does not cover the discrimination claims in Counts I-IV, but dispute whether the collective bargaining agreement's grievance and arbitration provisions apply to the unpaid wages claim.

The Federal Arbitration Act ("FAA") provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. However, the FAA does not "require parties to arbitrate when they have not agreed to do so." Paladino v. Avnet Computer Technologies, 134

2

F.3d 1054, 1057 (11th Cir. 1998) (quoting American Express Fin. Advisors, Inc. v. Makarewicz, 122 F.3d 936, 940 (11th Cir. 1997). While the FAA creates a presumption in favor of arbitrability, the courts are not to twist the language of the contract to achieve a result which is favored by federal policy. Paladino, 134 F.3d at 1057 (quoting Goldberg v. Bear, Stearns & Co., 912 F.2d 1418, 1419-20 (11th Cir. 1990)). The LMRA provides that grievance procedures in labor contracts must be exhausted before courts may deal with the merits of a dispute.

In this case Defendant argues that under the LMRA, the collective bargaining agreement ("Agreement") between the parties contains a grievance provision that must be enforced by this Court. The relevant clause of the Agreement states in Article 3:

All disputes arising under the terms of this agreement, except work assignment disputes, disputes relating to payment of wages, and to fringe benefit contributions, shall be settled as follows. . . .

See Defendant's Notice Filing Substitute Exhibit "A" to the Affidavit of Robert Mitchell [DE 14]. Plaintiff argues that a straightforward reading of the plain language of this provision and the allegations in the complaint regarding unpaid wages, leads to the conclusion that the instant dispute is one relating to the payment of wages, and thus is excluded from the grievance provisions. Defendant argues that Plaintiff is really challenging a failure to promote for a five month period, and this kind of dispute is subject to the grievance provision.

In reading the complaint, the Court notes that the race and age discrimination claims do not allege a failure to promote, but rather disparate treatment of Plaintiff as an assistant superintendent. In Count V itself, the Plaintiff satisfies the minium pleading requirement and simply states that he is owed wages by Defendant. By relying on the plain language of the Agreement and the Complaint, this Court concludes that the instant dispute regarding unpaid wages either relates to a dispute regarding payment of wages, or is a dispute about work

3

assignment, but either way is included in the exclusion to the arbitration agreement.

This Court is mindful of the LMRA decisions, but is also mindful that it is for the Court to decided whether an issue is arbitrable. It is settled law that unless there is "clear and unmistakable evidence" of the parties' intent to allow the arbitrator to determine arbitrability questions, this Court, and not the arbitration panel, should determine whether the arbitration of the dispute is covered by the Agreement. See Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Cohen, 62 F.3d 381 (11th Cir.1995); see also First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943, (1995). In this case, given the exclusions to the arbitration and grievance provision quoted above, there is not clear evidence that the parties intended for an arbitrator to determine arbitrability. Thus, as discussed above, this Court determines that the instant wage dispute is not covered by the Agreement, and may be brought in this Court.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Count V [DE 9-1] or for Partial Summary Judgment as to Count V [DE 9-2] is hereby **DENIED**;

2. Defendant shall answer Count V by June 2, 2000.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of April, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

David Pollack, Esq.
Sheila Cesarano, Esq.

4