# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6224-CIV-DIMITROULEAS/JOHNSON
**THIS IS A MAGISTRATE CONSENT CASE**

JAMES BUSH,

       Plaintiff,

v.

THE WHITING-TURNER
CONTRACTING CO., a
Maryland corporation,

       Defendant.
_____/



## DEFENDANT'S MOTION *IN LIMINE*
## AND INCORPORATED MEMORANDUM OF LAW

Defendant, **THE WHITING-TURNER CONTRACTING CO.** ("Whiting-Turner"), pursuant to Fed. R. Evid. 402 and 403, moves the Court to enter an Order which precludes Plaintiff **JAMES BUSH** ("Plaintiff") from presenting, referring to, questioning about, or commenting upon, directly or indirectly, in the presence of prospective jurors or in the presence of the jury selected to try this case, whether in *voir dire,* opening statement, during trial, or in final argument, directly or indirectly, any of the following matters:

1. Testimony of alleged discriminatory comments or stray remarks made by non-decisionmakers, because such comments are not probative of Plaintiff's claim and their prejudicial effect substantially outweighs their probative value.

2. Plaintiff's past performance as a laborer foreman with other employers, because such performance is irrelevant to the instant case involving Plaintiff's performance as an assistant superintendent at Whiting-Turner.

3. Co-workers' testimonies that Plaintiff was a "good" supervisor, because co-workers were not involved in the decision-making process and have no knowledge as to whether Plaintiff was adequately performing his duties.

4. Plaintiff's wife's testimony, because it involves a lay opinion by a witness who lacks personal knowledge and is duplicative and cumulative to the issue of damages.

# ARGUMENT

## I. TESTIMONY OF ALLEGED DISCRIMINATORY COMMENTS OR STRAY REMARKS MADE BY NON- DECISIONMAKERS IS IMPROPER.

During trial, Plaintiff may attempt to introduce discriminatory statements, as well as stray remarks, purportedly made by non-decisionmakers. For example, Plaintiff may attempt to introduce testimony that Ivan Dean, a superintendent, discriminated against him by allegedly being rude on 2 isolated occasions on a separate project where Plaintiff only spent a few hours. Under Eleventh Circuit law, the Court should preclude Plaintiff from introducing any discriminatory comments or stray remarks made by non-decisionmakers, because such are irrelevant to this lawsuit and their prejudicial effect substantially outweighs any probative value.

### A. Remarks By Non-Decisionmakers Are Irrelevant.

Comments by non-decisionmakers do not raise an inference of discrimination and are irrelevant in a discrimination claim. Mitchell v. USBI Co., 186 F.3d 1352, 1355 (11th Cir. 1999); See Standard v. A.B.E.L. Services, Inc., 161 F.3d 1318, 1329-30 (11th Cir. 1998) (statement by non-decisionmaker that "older people have more go wrong" was not probative of discriminatory intent); Mauter v. Hardy Corp., 825 F.2d 1554, 1558 (11th Cir. 1987) (statement by non-decisionmaker that "[t]he Hardy Corporation was going to weed out the old ones" did not raise a genuine issue of material fact regarding discriminatory intent). *Comments by non-decisionmakers cannot constitute direct or circumstantial evidence of discrimination as a matter of law.* See Holifield v. Reno, 115 F.3d 1555, 1564 (11th Cir. 1997) (to prove a claim of race discrimination, plaintiff must show that person making adverse employment decision had bias against the plaintiff because of race); Mayfield v. Patterson Pump Co., 101 F.3d 1371 (11th Cir. 1996); Trotter v. Board of Trustees of University of Alabama, 91 F.3d 1449, 1454, 1456 (11th Cir. 1996) (discriminatory

comments made by a person not involved in the challenged decision are not probative of discrimination).

To suffice as evidence of discrimination, a comment must be "relatively contemporaneous to the [adverse employment action] and must 'be related to the employment decision in question.'" Rush v. McDonald's Co., 966 F.2d 1104, 1116 (7th Cir. 1992). As stated in Price Waterhouse v. Hopkins, 490 U.S. 228, 251, 109 S.Ct. 1175, 1791 (1989), "[r]emarks at work that are based on sex stereotypes do not inevitably prove that gender played a part in a particular employment decision. The plaintiff must show that the employer actually relied on her gender in making its decision." See Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 531 (10th Cir. 1994) (hospital CEO's statement that two women over 40 were fired because the hospital "needs some new young blood," and "long-term employees have a diminishing return" were not sufficient to create a jury issue in an ADEA case since they had no nexus to the employment decision). Accordingly, the Court should preclude Plaintiff from introducing any comments or stray remarks made by non-decisionmakers.

B.  **Comments And Stray Remarks by Non-Decisionmakers Should Be Excluded Because Their Prejudicial Effect Substantially Outweighs Any Probative Value.**

Rule 403 states in relevant part:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of ***unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.***

Fed. R. Evid. 403 (emphasis added). "[T]he issue is whether the search for truth will be helped or hindered by the interjection of distracting, confusing or emotionally charged evidence." Weinstein's Federal Evidence § 403.02[1][a]; United States v. Krulewitch, 145 F.2d 76, 80 (2d Cir. 1944) ("[T]he question is always whether what it will contribute rationally to a solution is more than matched by its possibilities of confusion and surprise, by the length of time and the expense it will

involve, and by the chance that it will divert the jury from the facts which should control their verdict."); Anderson v. Malloy, 700 F.2d 1208, 1211 & n.4 (8th Cir. 1983) (excluding testimony of woman who was raped at defendant's motel five months prior to the instant rape since it was too prejudicial and not sufficiently probative); Conway v. Icahn & Co., Inc., 16 F.3d 504, 510 (2d Cir. 1994) (excluding medical records concerning events before and after the time when decisions in question were made); Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 655 (11th Cir. 1993) (excluding testimony that managers at another plant had demonstrated animosity against black employees, since testimony was cumulative, would unnecessarily prolong the trial, and was not especially significant).

In the instant case, evidence of alleged discriminatory comments or stray remarks made by non-decisionmakers creates a danger of unfair prejudice, since the jury may conclude that these irrelevant comments are connected to Plaintiff's claims. Such testimony presents a danger of unfair prejudice which substantially outweighs any probative value, since the evidence is irrelevant and does not support Plaintiff's allegations under Title VII and the FCRA. Accordingly, the Court should preclude Plaintiff from presenting or referring to any alleged retaliatory comments by a non-decisionmaker.

## II. PLAINTIFF'S PAST PERFORMANCE AS A LABORER FOREMAN WITH OTHER EMPLOYERS IS IRRELEVANT TO PLAINTIFF'S CLAIM OF DISCRIMINATION.

Plaintiff should be precluded from testifying or presenting testimony that he was qualified as a laborer foreman during the time that he was employed by other employers. For example, Plaintiff may attempt to introduce evidence of former employers' opinions about Plaintiff's performance, such as the testimonies from former employers Robert Murray, Vijay Varki (Codina Construction), and Kenneth Stubbs. Plaintiff may also attempt to introduce evidence of prior recognitions or awards as a laborer foreman at other jobs, including, but not limited to, a July 6, 1981

Miami Herald article and completion of apprenticeship certificates. Such testimony is irrelevant under Fed. R. Evid. 402 because this case involves Plaintiff's performance as an assistant superintendent – a different and superior position than laborer foreman – at Whiting-Turner.

Plaintiff cannot establish that he was qualified for the assistant superintendent position simply because he worked *in a different position* and *for different employers* in the construction industry for many years. Past performance as a laborer foreman does not equate to successful performance as an assistant superintendent. See Durham v. Xerox Corp., 18 F.3d 836, 840 (10th Cir. 1994) ("Mere seniority does not support a finding that [the plaintiff] was more qualified for a different job."). For example, an orchestra's cellist is not qualified to become an orchestra director simply because he has played in different orchestras for thirty years.

Former employers' opinions about Plaintiff's performance as a laborer foreman are irrelevant. These former employers did not work with Plaintiff at Whiting-Turner or while Plaintiff was an assistant superintendent; rather, they solely worked with Plaintiff while Plaintiff was a laborer foreman. Plaintiff's former employers cannot refute Whiting-Turner's defenses because they lack personal knowledge of Plaintiff's performance and skills as an assistant superintendent. Accordingly, the Court should preclude Plaintiff from introducing testimony or evidence regarding Plaintiff's past performance as a laborer foreman.

### III. CO-WORKERS' TESTIMONIES THAT PLAINTIFF WAS A "GOOD" SUPERVISOR SHOULD BE PRECLUDED BECAUSE THESE INDIVIDUALS DID NOT SUPERVISE PLAINTIFF.

Employees Andrew Delancy's and Jacques Marcelin's opinions that Plaintiff was a good supervisor cannot support Plaintiff's claim that he was qualified for the assistant superintendent position since they did not supervise Plaintiff's work. See Hester v. BIC Corp., __ F.3d __, 2000 WL 1299592 (2d Cir. Sep. 14, 2000) (finding that opinion testimony of co-workers was irrelevant

because none were involved in the decision-making process or had any basis of knowing whether plaintiff was adequately performing her duties). As one court stated, Plaintiff's co-worker's comments are irrelevant. <u>Hawkins v. PepsiCo, Inc.</u>, 203 F.3d 274, 280 (4th Cir. 2000). Accordingly, the Court should preclude Plaintiff from presenting evidence regarding co-workers' opinions about Plaintiff's performance.

### IV. PLAINTIFF'S WIFE'S TESTIMONY SHOULD BE PRECLUDED BECAUSE IT IS OPINION TESTIMONY BY A LAY WITNESS WHO LACKS PERSONAL KNOWLEDGE AND IS CUMULATIVE.

#### A. Lay Opinion Testimony Lacking Personal Knowledge Should be Excluded.

Plaintiff has listed his wife as a witness who may testify at trial regarding his claims. Rule 602 states that, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Lay witnesses can only offer opinion testimony when it is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R. Evid. 701.

Plaintiff's wife does not have personal knowledge of any instances of alleged discrimination in this case, since she was not employed at Whiting-Turner. Plaintiff's wife did not personally witness any instances of alleged discrimination against Plaintiff and, consequently, her testimony is simply hearsay statements. Plaintiff's wife's testimony serves no useful purpose other than to gain an unfair advantage for Plaintiff at trial via the "sympathy factor." Accordingly, the Court should preclude her testimony for lack of personal knowledge and since it entails improper opinion testimony.

**B.      Should Plaintiff's Wife's Testimony Address Damages, It Should Be Excluded Since It Is Cumulative And Duplicative Of Plaintiff's Testimony.**

Rule 403 allows the Court to exclude evidence if it is cumulative and duplicative. Fed. R. Evid. 403. Should Plaintiff's wife testify at trial as to Plaintiff's damages, her testimony would be cumulative and duplicative of Plaintiff's testimony, and would only serve to unduly delay trial. See Hibiscus Assocs. Ltd. v. Board of Trustees of Policemen & Firemen Retirement System, 50 F.3d 908, 917 (11th Cir. 1995) (trial court properly excluded expert testimony that would be cumulative); McLaurin v. Fischer, 768 F.2d 98, 103-04 (6th Cir. 1985) (court properly excluded cumulative percipient witnesses); Elwood v. Pina, 815 F.2d 173, 178 (1st Cir. 1987) (in civil rights action brought by terminated state employees, trial court did not err in excluding evidence of telephone conversations substance of which was already introduced through admissible evidence as cumulative); Baker v. Firestone Tire & Rubber Co., 793 F.2d 1196, 1200 (11th Cir. 1986) (internal memorandum summarizing problems in manufacture was properly excluded as cumulative of testimony its author gave at trial). Moreover, Plaintiff's wife's testimony will be highly prejudicial because it will involve the family's description of Plaintiff's purported suffering and be presented in a tearful manner to obtain jury sympathy. Accordingly, the Court should preclude Plaintiff's wife's testimony regarding damages at trial since such testimony is cumulative, duplicative, and highly prejudicial.

## CONCLUSION

Defendant, THE WHITING-TURNER CONTRACTING CO. requests that the Court enter an Order *in limine* granting the requested relief, and for such other relief that is proper and necessary.

## DEFENDANT'S RULE 7.1 STATEMENT

Undersigned counsel for Defendant, pursuant to S.D. Fla. L.R. 7.1, certifies that counsel for the parties have conferred in a good faith effort to resolve the issues raised in Defendant's Motion *in Limine,* and have been unable to do so.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 379-9103
(305) 347-7386 (facsimile)

By: _____
(For) Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed and faxed on this 19th day of March 2001 to **DAVID H. POLLACK, ESQ.**, 25 S.E. 2nd Avenue, Suite 1020, The Ingraham Building, Miami, Florida 33131.

_____
OF COUNSEL

MIADOCS 406067.1 RGL