UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

JAMES BUSH,

    Plaintiff

v.

THE WHITING-TURNER
CONTRACTING CO.,
a Maryland corporation,

    Defendant
_____ /

CASE NO. 00-6224-CIV-JOHNSON
(CONSENT CASE)

### MOTION FOR CONTINUANCE OF TRIAL

Plaintiff JAMES BUSH request this Court grant him a continuance of the trial in this matter and state as grounds:

1. This matter was originally set for trial in January, 2001. Plaintiff was ready to go to trial at that time. However, because defense counsel was experiencing medical problems, Plaintiff's counsel agreed to a continuance of the trial. Consequently, the trial was reset for February 2001.

2. Unfortunately, defense counsel's medical problems were not resolved by the time the case was reset. Accordingly, Plaintiff agreed to have the case transferred to a Magistrate Judge and to allow defense counsel additional time to attend to her medical condition. (Defense counsel's medical condition is no longer at issue).

3. Plaintiff's counsel was at all times ready and able to go to trial.



4. Shortly after being reassigned to the Magistrate Judge, this Court specially set the trial for the week of April 16, 2001. Plaintiff's counsel initially did not have a problem with that date. However, shortly after the trial was reset, Plaintiff's counsel was retained for trial support and appellate services in a 1986 personally injury case involving a gun manufacturer.

5. The gun manufacturer has filed <u>18</u> pretrial motions, as well as a Motion for Summary Judgment. Copy of those pending motions are attached hereto as Exhibit "A". Those motions are due three days before this case is set for trial and because of the age of the case no extensions of time will be granted.

6. Plaintiff is a solo practitioner with an extremely busy trial and appellate practice.

7. This is the first continuance Plaintiff has sought in this matter.

8. Had defense counsel been able, Plaintiff would have been able to try this case back in January.

9. Plaintiff's counsel has spoken with defense counsel, who does not oppose the continuance of the trial in this matter, provided it does not conflict with her upcoming trial calendar. A copy of that schedule is attached hereto as Exhibit "B".

10. This motion is filed in good faith and not for the purpose of delay. Neither party will be prejudice by the filing of this motion, particulary since both parties are actively engaged in settlement negotiations.

WHEREFORE Plaintiffs JAMES BUSH request this Court to continue the trial in this matter.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was faxed and mailed this 20th day of March, 2001 to: Sheila Cesarano, Esq., 201 S. Biscayne Blvd., 1500 Miami Center, Miami, FL 33131.

DAVID H. POLLACK, ESQ.
Attorney for Plaintiffs
The Ingraham Building
25 S.E. 2nd Avenue   Suite 1020
Miami, FL 33131

BY: _____
DAVID H. POLLACK
Fla. Bar No. 0955840

| | MOTION: |
|---|---|
| 1. | Sturm, Ruger's Motion to Preclude Evidence of Other Shootings and Memorandum of Law |
| 2. | Sturm, Ruger's Motion in Limine to Exclude Newspaper, Magazine and Television Reports and Memorandum of Law |
| 3. | Sturm, Ruger's Motion in Limine to Bar the Opinion Testimony of Stephen P. Teret |
| 4. | Sturm, Ruger's Motion to Exclude Testimony of Dr. Paul Deutsch and Dr. Fred Raffa |
| 5. | Sturm, Ruger's Motion in Limine to Exclude Evidence of Undisclosed Economic Damages |
| 6. | Sturm, Ruger's Motion in Limine to Exclude Evidence of Injuries Caused by Alleged Malpractice |
| 6A. | Defendant, Sturm, Ruger's Supplement to Its Motion in Limine to Exclude Evidence of Injuries Caused by Alleged Malpractice |
| 7. | Sturm, Ruger's Motion in Limine to Exclude Evidence Related to Shipping Locks, Gun Locks or Trigger Locks |
| 8. | Sturm, Ruger's Motion in Limine to Exclude Certain Opinion Testimony of Lama S. Martin and Memorandum of Law |
| 9. | Sturm, Ruger's Motion in Limine to Preclude Speculative Testimony |
| 10. | Sturm, Ruger's Motion for Bifurcation of Liability and Damages and Memorandum of Law |
| 11. | Defendant Sturm, Ruger's Motion to Exclude Expert Testimony of Robert Lessne, Ph.D. Regarding Attendant Care – **filed 2/13/01** |
| 12. | Sturm, Ruger's Motion to Exclude Lessne's Opinions Regarding Pricing of Items Listed on his Report on Plaintiff's Damages – **filed 2/13/01** |
| 13. | Sturm, Ruger's Motion to Prevent Robert Lessne from Calculating Present Day Value of Plaintiff's Alleged Economic Damages Using the Most Risk-Free Methodology – **filed 2/13/01** |
| 14. | Sturm, Ruger's Motion to Exclude Plaintiff's Expert Marie DiCowden's Testimony Regarding Attendant Care – **filed 2/13/01** |
| 15. | Sturm, Ruger's Motion to Exclude Expert Testimony of Robert Lessne, Ph.D. regarding Plaintiff's Alleged Wage Loss – **filed 2/13/01** |
| 16. | Sturm, Ruger's Motion to Exclude Plaintiff's Expert Marie DiCowden's Testimony Regarding Plaintiff's Current Mental Condition and/or Plaintiff's Current and Future Psychological Needs – **filed 2/13/01** |
| 17. | Defendant Sturm, Ruger's Motion to Strike Fred Raffa as a Trial Witness – **filed 2/13/01** |
| 18. | Sturm, Ruger's Motion in Limine to Exclude Testimony Regarding Dr. Lustgarten's Theory that Plaintiff May Have Suffered Diffused Brain Damage – **filed 2/13/01** |
| 19. | Sturm, Ruger's Motion for Final Summary Judgment and Memorandum of Law – **filed 2/12/01** |



# SHUTTS & BOWEN LLP

ATTORNEYS AND COUNSELLORS AT LAW
(A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS)

1500 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
MIAMI (305) 358-6300
BROWARD (954) 467-841
FACSIMILE (305) 381-9982

March 19, 2001

<u>Via Facsimile</u>
David H. Pollack, Esq.
The Ingraham Building
25 S.E. 2nd Avenue
Suite 1020
Miami, Florida 33130

    RE:    **James Bush v. The Whiting-Turner Contracting Co.**
            **Case No.: 00-6224-CIV-Dimitrouleas**

Dear David:

The following identifies the dates which we will be unavailable for trial during the next five (5) months:

- 5/18/01: Prior scheduled engagement

- The week of 5/29/01: <u>Bennet v. Gulliver</u> trial before Judge Shapiro (specially set)

- The two week period of 6/18/01: <u>Harris v. Target Corporation</u> trial before Judge Ferguson

- The week of 7/2/01: <u>Access Now v. Riande Hotel</u> trial before Judge Highsmith

- The week of 8/20/01 until 8/27/01: Family vacation

Very truly yours,

Rene Gonzalez-LLorens

MIADOCS 408132.1 RGL

EXHIBIT B

AMSTERDAM    FORT LAUDERDALE    LONDON    MIAMI    ORLANDO    TALLAHASSEE    WEST PALM BEACH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

JAMES BUSH,                       CASE NO. 00-6224-CIV-JOHNSON
                                                     (CONSENT CASE)

       Plaintiff

v.

THE WHITING-TURNER
CONTRACTING CO.,
a Maryland corporation,

       Defendant
_____/

### ORDER CONTINUING TRIAL

THIS CAUSE having come before the Court on Plaintiff's un-opposed Motion for Continuance of Trial, and the Court having been duly advised in the premises, it is hereby

ORDERED AND ADJUDGED that

Plaintiff's Motion for Continuance of Trial is hereby GRANTED.

This matter is reset for the week of _____ ,2001.

Motions in Limine shall be due on or before _____ ,2001.

Jury Instructions shall be due on _____ , 2001.

DONE AND ORDERED in Chambers, in West Palm Beach, Florida, this ___ day of March, 2001.

_____
CIRCUIT COURT JUDGE

cc:      David H. Pollack, Esq.
        Sheila Cesarano, Esq.