UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

JAMES BUSH,

    Plaintiff

v.

THE WHITING-TURNER
CONTRACTING CO.,
a Maryland corporation,

    Defendant
_____/

CASE NO. 00-6224-CIV-JOHNSON
(CONSENT CASE)

NIGHT BOX
FILED

JUL 0 6 2001

CLERK, USDC / SDFL / WPB

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

Plaintiff JAMES BUSH files his response to Defendant WHITING-TURNER CONTRACTING CO.'s Motion in Limine. The motion seeks to exclude from trial: (1) testimony of discriminatory comments made by non-decision-makers; (2) evidence of Bush's past performance as a laborer foreman with other employers; (3) coworkers' testimony that Bush was a "good" supervisor; and (4) testimony from Bush's wife concerning damages. This Court should deny the motion because the evidence that Whiting-Turner seeks to exclude is relevant to the claims and defenses asserted in this case and is not unfairly prejudicial to either party.

    I.    **Testimony of Discriminatory Comments Made by Non-Decisionmakers is Admissible Because it is Circumstantial Evidence of Discrimination.**

Whiting-Turner correctly asserts that discriminatory comments by non-decisionmakers do not constitute <u>direct</u> evidence of discrimination. However, the Eleventh Circuit has held that discriminatory statements of a non-decisionmaker "may provide significant circumstantial support" of a plaintiff's Title VII claim. See <u>Bass v. Board of County Commissioners Orange</u>

1

County Florida, 2001 WL 169746 (11th Cir. 2001); Ross v. Rhodes Furniture, Inc., 146 F.3d 1286 (11th Cir. 1998); accord, Walden v. Georgia-Pacific Corp., 126 F.3d 506, 521 (3rd Cir. 1997)("although stray remarks by non-decisionmakers alone are insufficient to establish discriminatory intent, we have held that such remarks can still constitutes evidence of the atmosphere in which the employment decision was carried out."). Indeed, as the court noted in Walden:

> "Such evidence [remarks by non-decisionmakers] may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from and unlawful motive. [E]vidence of discriminatory atmosphere may be relevant because it tends "to add 'color' to the employer's decisionmaking process and to the influences behind the actions taken with respect to the individual plaintiff."

Walden, 126 F.3d at 521, 522; see also Carey v. Mt. Desert Island Hospital, 156 F.3d 31 (1st Cir. 1998)("While an employer should not find itself in jeopardy by reason of occasional stray remarks by ordinary employees, circumstantial evidence of a discriminatory atmosphere at a plaintiff's place of employment is relevant to the question of motive in considering a discrimination claim")
(*citing* Conway v. Electro Switch Corp., 825 F.2d 593, 597-98 (1st Cir. 1987).

Both the evidence and pleadings make clear that Bush's case is a case based on circumstantial, rather than direct, evidence of discrimination. Such evidence "will necessarily be composed of bits and pieces, which may or may not point to an atmosphere of [] discrimination." See Carey v. Mt. Desert Island Hosp., 156 F.3d at 31. Indeed, Bush testified during his deposition that he was treated differently because of his race not only by Rob Mitchell, the company's vice-president, but also by his co-workers. Because remarks by non-decisionmakers may be properly used by litigants as circumstantial evidence of discrimination, the portion of the motion in limine seeking to exclude such statements should be denied.

2

## II. Bush's Performance as a Laborer Foreman with other Employers is Admissible Because it is Relevant and Probative of the Issue of Pretext.

Whiting-Turner also seeks to exclude evidence of Bush's past performance as a laborer foreman with different employers. Whiting-Turner erroneously assumes that such evidence is irrelevant because it does not concern Bush's performance as a Whiting-Turner assistant superintendent. Whiting Turner is wrong.

It is well-settled that a party has the right to present evidence to prove or disprove any claims or defenses. See, e.g., Schurr v. Oklahoma Disability Law Center, Inc., 182 F.3d 933 (10th Cir. 1999). Furthermore, where a party places a matter in issue, it waives any objections to the admission of evidence on that issue.

In this case, Whiting-Turner's proffered non-discriminatory reason for refusing to review Bush and pay him the same salary as Charles Bender turns on Bush's ability to perform specific mechanical and managerial tasks. For instance, Eric Plotke and Jeff Cooper testified that Bush was unable to shoot elevations, or use certain tools. However, Whiting Turner has not established -- nor can it -- that Bush did not perform those tasks or use those tools in other jobs for other employers, even though the job he held had a different title. The relevant inquiry in an employment discrimination case is the substance of what a plaintiff does, not what title he holds or for which employer he performs the tasks at issue.

Whiting-Turner has cited no authority to support the proposition that evidence of a plaintiff's prior employment history is irrelevant to rebut an affirmative defense that he was unable to perform specific tasks. Indeed, Durham v. Xerox Corp., 18 F.3d 836 (10th Cir. 1994), the only case cited by Whiting Turner allegedly in support of its position, addresses an entirely

unrelated issue.[1]

Whiting Turner has challenged Bush's ability, both as a manager and as a craftsman. To the extent that Bush is able to present evidence to rebut that challenge, he is entitled to present it to the jury, whether it comes from prior employers or any other source.

### III. The testimony of Bush's co-workers regarding his performance as an assistant superintendent is relevant because it is probative of the issue of pretext.

Whiting Turner also seeks to exclude testimony of Bush's co-workers because they did not supervise his work, and as such, are unqualified to assess his performance. In support of this misguided contention, Whiting Turner cites two readily distinguishable cases, Hester v. BIC Corp., 225 F.3d 178 (2nd Cir. 2000) and Hawkins v. Pepsico, Inc., 203 F.3d 274 (4th Cir. 2000), neither of which is binding on this Court.

In Hester and Hawkins, the plaintiffs sought to present subjective testimony supporting their claims of discrimination. For instance, in Hester, the co-worker testimony consisted primarily of co-workers testimony that it "must have been" on account of Plaintiff's race why she was treated badly. However, Whiting Turner has offered no evidence to demonstrate that such subjective testimony is what Bush will seek to present. To the contrary, the testimony of co-workers will consist of their own personal observations of Whiting-Turner's treatment of Bush, as well as his skills as a manager. Such testimony is directly relevant to rebutting Whiting-Turner's defense that Bush was ineffective as a manager and responsible for mistakes which other subcontractors, in fact, caused.[2]

---

[1] In Durham, the issue was whether mere seniority established that the plaintiff was qualified for the job. Bush is not raising his seniority with Whiting Turner as a basis for arguing he was qualified.
[2] Whiting-Turner claims that Bush's co-workers lack sufficient knowledge to testify about Bush's performance because they were not his supervisors. Whiting Turner offers no authority or evidence to support this. None of Bush's workers was deposed, even though they were known to Whiting-Turner. As such, any argument regarding their personal knowledge of Bush's activities as a

4

### IV. Plaintiff's Wife's Testimony is Proper Because it is Founded on Personal Knowledge and is not Cumulative on the Issue of Damages.

Finally, Whiting-Tuner seeks a to exclude any testimony of Bush's wife on the basis that she lacks personal knowledge. It is unclear what Whiting Turner thinks she lacks personal knowledge of. To the extent Whiting Turner suggests that she lacks personal knowledge of the emotional impact being discriminated against had on Bush and the degree to which it impacted their marital relationship and Bush's relationship with other family members, they are obviously wrong. To the extent Whiting Turner suggests that she lacks personal knowledge of particular instances of discrimination complained of by Bush, their position is overbroad. Mrs. Bush, for instance, has first hand knowledge that she and Mr. Bush were not invited to the Christmas party or the trip to Disney World -- both instances of circumstantial discrimination. While Mrs. Bush did not work alongside her husband at Whiting Turner, that is certainly no basis for barring her testimony at trial, particularly on the issue of damages.

### CONCLUSION

For all the foregoing reasons, Whiting Turner's Motion in Limine should be DENIED.

> Respectfully submitted,
> DAVID H. POLLACK, ESQ.
> Attorney for Plaintiff
> The Ingraham Building
> 25 S.E. 2nd Avenue   Suite 1020
> Miami, FL  33131
>
> BY: _____
>     DAVID H. POLLACK
>     Fla. Bar No. 0955840

---

supervisor is premature.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 9th _ day of July, 2001 to: Sheila Cesarano, Esq., 201 S. Biscayne Blvd., 1500 Miami Center, Miami, FL 33131.

BY: _____

DAVID H. POLLACK
Fla. Bar No. 0955840