# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6224-CIV-DIMITROULEAS/JOHNSON
**THIS IS A MAGISTRATE CONSENT CASE**

JAMES BUSH,

     Plaintiff,

v.

THE WHITING-TURNER
CONTRACTING CO., a
Maryland corporation,

     Defendant.
_____/



### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* AND INCORPORATED MEMORANDUM OF LAW

Defendant, **THE WHITING-TURNER CONTRACTING CO.** ("Whiting-Turner"),

respectfully replies to **JAMES BUSH**'s ("Plaintiff") Response to its Motion *in Limine*

("Plaintiff's Response"). In support, Whiting-Turner states as follows:

## ARGUMENT

### I. TESTIMONY OF ALLEGED DISCRIMINATORY COMMENTS OR STRAY REMARKS MADE BY NON-DECISIONMAKERS IS IMPROPER.

Plaintiff maintains that discriminatory comments made by non-decisionmakers are admissible because they provide circumstantial evidence to support Plaintiff's claim. However, Plaintiff's Response fails to address Whiting-Turner's well-supported argument that testimony of alleged discriminatory comments or stray remarks made by non-decisionmakers is improper and should be precluded. Indeed, Plaintiff has failed to address well-established law that comments by non-decisionmakers cannot constitute direct evidence of discrimination as a matter of law. See Holifield v. Reno, 115 F.3d 1555, 1564 (11th Cir. 1997); Mayfield v. Patterson Pump Co., 101 F.3d 1371

(11th Cir. 1996); Trotter v. Board of Trustees of University of Alabama, 91 F.3d 1449, 1454, 1456 (11th Cir. 1996).

Plaintiff's Response cites five (5) inapplicable cases to support his contention that discriminatory comments made by a non-decisionmaker are admissible if they provide circumstantial support of a plaintiff's Title VII claim. Plaintiff cites Bass v. Board of County Com'rs, Orange County, Fla., 242 F.3d 996 (11th Cir. 2001), a reverse race discrimination and retaliation case, which held that only statements by persons involved in the decision-making process could constitute direct evidence of discrimination. Id. at 1005. The Bass court *precluded an allegedly discriminatory comment by a non-decisionmaker*, the Chief of the Fire and Rescue division, to the plaintiff firefighter, in which the Chief told the white plaintiff that the fire department would "continue to promote based on color." Id. Plaintiff cites Walden v. Georgia-Pacific Corp., 126 F.3d 506, 521-22 (3d Cir. 1997), a Title VII retaliation case, which held that the *district court's exclusion of stray remarks by non-decisionmakers did not constitute plain error* because the remarks were "general and unrelated" to the plaintiff's charge of discrimination. Id. at 522. Contrary to Plaintiff's assertions, Bass and Walden *support* Whiting-Turner's proposition that Plaintiff should be precluded from introducing any discriminatory comments or stray remarks by non-decisionmakers.

Plaintiff cites Ross v. Rhodes Furniture, Inc., 146 F.3d 1286 (11th Cir. 1998), a Title VII race discrimination case, where the court admitted as circumstantial evidence statements by *two supervisor decision-makers who terminated the plaintiff*, one of whom compared African-Americans to moviegoers at a "Tarzan movie," and another who pointed to the African-American plaintiff and stated to another white employee that he would "get rid of him." Id. at 1292-93. In this case, the alleged comments were not made by a decision-maker.

-2-

In <u>Carey v. Mt. Desert Island Hospital</u>, 156 F.3d 31 (1st Cir. 1998), a Title VII sexual discrimination case, the court admitted as circumstantial evidence several comments by non-decisionmakers to the plaintiff denigrating men, including one comment by the female Personnel Director that "we have different standards for men and women." <u>Id.</u> at 37. The <u>Carey</u> decision is completely distinguishable. What Plaintiff's Response considers circumstantial evidence of race discrimination – allegations that Ivan Dean, a superintendent, discriminated against him by allegedly being rude on two (2) isolated occasions on a separate project where Plaintiff only spent a few hours – is merely evidence of rudeness. Plaintiff's circumstantial "evidence" only proves, at most, isolated, rude comments that are of no consequence to a discrimination claim and should be precluded. Accordingly, the Court should preclude Plaintiff from presenting or referring to any alleged retaliatory comments by a non-decisionmaker.

## II. PLAINTIFF'S PAST PERFORMANCE AS A LABORER FOREMAN WITH OTHER EMPLOYERS IS IRRELEVANT.

Plaintiff's Response claims that Plaintiff's past performance as a laborer foreman with other employers is admissible because it is relevant and proves pretext. Such testimony is irrelevant under Fed. R. Evid. 402 because this case involves Plaintiff's performance as *an assistant superintendent* – a different and superior position than laborer foreman – at Whiting-Turner. The assistant superintendent supervised the laborer foreman. Clearly, these are not equivalent positions.

Plaintiff claims, "where a party places a matter in issue, it waives any objections to the admission of evidence on evidence of that issue." (Plaintiff's Response at 3.) Whiting-Turner does not dispute that Plaintiff's performance as laborer foreman was satisfactory, and in fact promoted him into its management training program. Rather, Whiting-Turner's position is that Plaintiff's

-3-

performance as *an assistant superintendent* (in training) was substandard - - - a job that was entirely different from that of foreman.

Plaintiff's Response fails to address Fed. R. Evid. 402, which supports Whiting-Turner's argument that former employers' opinions about Plaintiff's performance as a laborer foreman, a different position, are irrelevant. Plaintiff's Response also ignores Whiting-Turner's well-supported argument that Plaintiff's former employers cannot refute Whiting-Turner's defenses because they lack personal knowledge of Plaintiff's performance and skills as an assistant superintendent. Plaintiff misinterprets Durham v. Xerox Corp., 18 F.3d 836, 840 (10th Cir. 1994), which establishes that past performance as a laborer foreman does not equate to successful performance as an assistant superintendent. Accordingly, the Court should preclude testimony or evidence regarding Plaintiff's past performance as a laborer foreman.

## III.  CO-WORKERS' TESTIMONIES THAT PLAINTIFF WAS A "GOOD" SUPERVISOR SHOULD BE PRECLUDED BECAUSE THESE INDIVIDUALS DID NOT SUPERVISE PLAINTIFF.

Plaintiff fails to cite one single decision supporting his erroneous proposition that Plaintiff's co-workers' testimony is admissible. As the cases cited in Whiting-Turner's Motion demonstrate, Plaintiff's co-workers' testimony is inadmissible because these individuals did not supervise Plaintiff. Plaintiff fails to distinguish the instant case from Hester, which is directly on-point. In Hester, a race discrimination and retaliation case, the Second Circuit reversed and vacated the jury's verdict for the plaintiff based on the admission of improper testimony by lay witnesses. Hester, 225 F. 3d at 178. The Hester court held that the district court committed reversible error in admitting testimony by four of plaintiff's co-workers, including the co-workers' observations regarding

-4-

management's treatment of the African-American plaintiff. Id. at 185-86. Here, as in Hester, co-workers' testimony should be precluded because the co-workers were not involved in any decision-making processes and had no basis for knowing whether the plaintiff was adequately performing his or her duties. Id. at 184. As the Second Circuit stated:

> [Fed. R. Evid.] Rule 701(b) bars lay opinion testimony that amounts to a naked speculation concerning the motivation for a defendant's adverse employment decision. . . . The four witnesses here testified that they observed [an assistant manager] treat [Plaintiff] with (variously) condescension, coldness, hostility or disregard, as compared with the three or so other Group Leaders, who were white. A jury can draw its own conclusions "from observed events or communications that can be adequately described" to it, such as the observed differential treatment described by [Plaintiff's] witnesses. But their speculative lay opinion that this differential is attributable to race rather than anything else, is not helpful in this case because it "merely tell[s] the jury what result to reach."

Id. at 185.

Since the co-workers' testimony Plaintiff seeks to introduce in the instant case is identical to the inadmissible testimony in Hester, it is improper. Accordingly, the Court should preclude Plaintiff from presenting evidence regarding co-workers' opinions about Plaintiff's performance.

## IV.   PLAINTIFF'S WIFE'S TESTIMONY IS IMPROPER AND SHOULD BE PRECLUDED.

Plaintiff's Response claims that Plaintiff's wife's testimony is proper because it is founded on personal knowledge and is not cumulative on the issue of damages. Plaintiff's Response fails to cite to one single decision contradicting Whiting-Turner's arguments for precluding Plaintiff's wife's testimony. Instead, Plaintiff admits that Plaintiff's wife "did not work alongside her husband at Whiting-Turner." (Plaintiff's Response at 5.) Plaintiff argues that Plaintiff's wife's lack of personal knowledge is "certainly no basis for barring [Plaintiff's wife's] testimony at trial, particularly on the

-5-

issue of damages." (Plaintiff's Response at 5.) However, Plaintiff's Response does not address whether the Federal Rules of Evidence support Plaintiff's position. Plaintiff's Response does not even attempt to distinguish the instant facts from the various, analogous cases Whiting-Turner cites to support its argument to preclude Plaintiff's wife's testimony.

Plaintiff argues that Plaintiff's wife has "personal knowledge of the emotional impact being discriminated against had on [Plaintiff] and the degree to which it impacted their marital relationship and [Plaintiff's] relationship with other family members." (Plaintiff's Response at 5.) However, Plaintiff can properly testify to these facts. Thus, Plaintiff's wife's testimony is duplicative, and should be precluded.

Furthermore, Plaintiff alleges that Plaintiff's wife has personal knowledge of circumstantial discrimination because she "has first hand knowledge that she and [Plaintiff] were not invited to the Christmas party or the trip to Disney World." (Plaintiff's Response at 5.) Again, Plaintiff can testify to these facts without introducing Plaintiff's wife's improper, duplicative testimony. Since Plaintiff's wife did not personally witness any instances of alleged discrimination against Plaintiff, her testimony is simply hearsay statements and should be precluded. Accordingly, the Court should preclude Plaintiff's wife's testimony regarding damages at trial since such testimony is cumulative, duplicative, and highly prejudicial.

## CONCLUSION

Defendant, THE WHITING-TURNER CONTRACTING CO., respectfully requests that the Court grant its Motion *in Limine* to exclude the above prejudicial evidence, and for such other relief as the Court deems proper and necessary.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 379-9103
(305) 347-7386 (facsimile)

By: _____

Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed and faxed on this ___17___ day of July 2001 to **DAVID H. POLLACK, ESQ.**, 25 S.E. 2nd Avenue, Suite 1020, The Ingraham Building, Miami, Florida 33131.

_____
OF COUNSEL

MIADOCS 440442 1 N1B

-7-