# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 00-6224-CIV-JOHNSON

JAMES BUSH,

     Plaintiff,

v.

THE WHITING-TURNER
CONTRACTING CO., a
Maryland corporation,

     Defendant.

_____/



## NOTICE OF FILING PARTIES' JURY INSTRUCTIONS

    Defendant, **THE WHITING-TURNER CONTRACTING CO.** ("Whiting-Turner" or

"Defendant"), and Plaintiff **JAMES BUSH** ("Bush" or "Plaintiff"), file their jury instructions. The

Parties have agreed as to the majority of the jury instructions. Where the parties differ or object to

the instruction, the party offering the jury instruction is identified.

    I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed and faxed
on this 23rd day of July, 2001 to **DAVID H. POLLACK, ESQ.**, 25 S.E. 2nd Avenue, Suite
1020, The Ingraham Building, Miami, Florida 33131.

                     SHUTTS & BOWEN LLP
                     Attorneys for Defendant
                     201 South Biscayne Boulevard
                     1500 Miami Center
                     Miami, Florida  33131
                     (305) 379-9103
                     (305) 347-7386 (facsimile)

    By: _____
            Sheila M. Cesarano
            Florida Bar Number 708364
            Rene Gonzalez-LLorens

Florida Bar Number 0053790

**PARTIES' PROPOSED JURY INSTRUCTION NO. 1.**

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial; and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will instruct you on--that is, I will explain to you--the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what was the testimony. Although, as you can see, the Court Reporter is making stenographic notes recording everything that is said, typewritten transcripts will not be prepared in time for your use during your deliberations and you should not expect to receive them.

On the other hand, any exhibits admitted in evidence during the trial <u>will</u> be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

---

<u>Authority</u>:    Pattern Jury Instructions (U.S. Eleventh Circuit District Judges Association) (2000 Edition); Preliminary Instructions before Trial

GIVEN          _____

MODIFIED       _____

DENIED         _____

## PARTIES' PROPOSED JURY INSTRUCTION NO. 2.

### <u>NOTE TAKING PERMITTED</u>

If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in note taking that you might become distracted from the ongoing proceedings.  Just make notes of names, or dates and places – things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from ;your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

_____

<u>Authority</u>:     Pattern Jury Instructions (U.S. Eleventh Circuit District Judges Association) (2000 Edition); Preliminary Instructions before Trial

GIVEN          _____

MODIFIED     _____

DENIED        _____

## PARTIES' PROPOSED JURY INSTRUCTION NO. 3.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone.  On some occasions you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine

and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

---

Authority:    Pattern Jury Instructions (U.S. Eleventh Circuit District Judges Association) (2000 Edition); Preliminary Instructions before Trial

GIVEN          _____

MODIFIED    _____

DENIED        _____

## PARTIES' PROPOSED JURY INSTRUCTION NO. 4.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.  The statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law.  Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

_____

Authority:     Pattern Jury Instructions (U.S. Eleventh Circuit District Judges Association) (2000  Edition);  Preliminary Instructions before Trial

GIVEN          _____

MODIFIED       _____

DENIED         _____

## PARTIES' PROPOSED JURY INSTRUCTION NO. 5.

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions--what we call your deliberations.

_____

Authority:    Pattern Jury Instructions No. 1 (U.S. Eleventh Circuit District Judges Association) (2000 Edition)

GIVEN        _____
MODIFIED     _____
DENIED       _____

## PARTIES' PROPOSED JURY INSTRUCTION NO. 6.

### CONSIDERATION OF THE EVIDENCE
### DUTY TO FOLLOW INSTRUCTIONS

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees which are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls.

---

Authority:    Pattern Jury Instructions No. 2.2 (U.S. Eleventh Circuit District Judges Association) (2000 Edition)

GIVEN        _____

MODIFIED    _____

DENIED      _____

**PARTIES' PROPOSED JURY INSTRUCTION NO. 7.**

**<u>CREDIBILITY OF WITNESSES</u>**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

---

<u>Authority</u>:    Pattern Jury Instructions No. 3 (U.S. Eleventh Circuit District Judges Association) (2000 Edition)

GIVEN        _____

MODIFIED    _____

DENIED       _____

## PARTIES' PROPOSED JURY INSTRUCTION NO. 8.

### IMPEACHMENT OF WITNESSES

### (Inconsistent Statement)

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

_____

Authority:     Pattern Jury Instructions No. 4.1 (U.S. Eleventh Circuit District Judges Association) (2000 Edition)

GIVEN          _____

MODIFIED     _____

DENIED        _____

## PARTIES' PROPOSED JURY INSTRUCTION NO. 9.

### BURDEN OF PROOF

In this case, each party asserting a claim or a defense has the responsibility to prove every essential part of his contention by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true.

Where more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

---

Authority:    Pattern Jury Instructions No. 6.2 (U.S. Eleventh Circuit District Judges Association) (2000 Edition)

GIVEN        _____
MODIFIED     _____
DENIED       _____

**PARTIES' PROPOSED JURY INSTRUCTION NO. 10.**

<u>**PARTIES**</u>

In this case, James Bush is the plaintiff, and The Whiting-Turner Contracting Company is the defendant. For the remainder of my instructions to you, I will refer to the plaintiff as "Bush" and the defendant as "Whiting-Turner."

GIVEN _____

MODIFIED _____

DENIED _____

## PARTIES' PROPOSED JURY INSTRUCTION NO. 11.

### <u>AGENCY</u>

Whiting-Turner is a corporation. A corporation may act only through natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by his or her actions done and statements made while acting within the scope of his or her authority as delegated to him or her by the corporation or within the scope of his or her duties as an employee of the corporation. An employee acting outside his or her delegated authority or outside the scope of his or her duties of employment may not bind the corporation. Thus, an employer is not automatically liable for the acts of its supervisors. However, even though an act is forbidden by a corporation, the act may still be within the scope of employment so as to impose liability on the corporation. In deciding whether the act complained of was within the scope of employment you should consider such factors as where the acts took place, the foreseeability of the act and whether the corporation ratified the activity.

_____

Authority:    Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Vol. 3, § 104.08 (1997) (modified); <u>Meritor Savings Bank, F.S.B. v. Vinson</u>, 477 U.S. 57, 72 (1986); <u>Rainey v. Vinson Guard Service, Inc.</u>, 120 F.3d 1192 (11th Cir. 1997).

GIVEN       _____

MODIFIED    _____

DENIED      _____

**_DEFENDANT'S_ PROPOSED JURY INSTRUCTION NO. 12.**

**NATURE OF THE ACTION**

Plaintiff filed this lawsuit alleging a violation of Title VII of the Civil Rights Act of 1991, ("Title VII"), the Florida Civil Rights Act of 1992 ("FCRA"), and § 448.08, *Florida Statutes* ("§ 448.08"). Bush states that he was discriminated against because he is an African-American.

Whiting-Turner denies that any discriminatory conduct occurred towards Bush. Whiting-Turner further states that Bush has not identified a single incident which demonstrates he was treated differently than his counterparts. Moreover, Whiting-Turner states that Bush voluntarily resigned from his employment from Whiting-Turner and was not terminated.

_____

GIVEN          _____
MODIFIED     _____
DENIED        _____

*PLAINTIFF'S* REQUESTED JURY INSTRUCTION NO. 12

**THE NATURE OF THE CLAIMS -- GENERALLY**

In this case, there are three claims being asserted by Bush: (1) Violation of Title VII of the Civil Rights Act of 1991; (2) violation of the Florida Civil Rights Act of 1992; and (3)violation of Florida Statute § 448.08, Florida's Unpaid Wages Statute.

The basis for Bush's claims under Title VII of the Civil Right Act and the Florida Civil Rights Act is that he was not reviewed or promoted because of his race, and that he was paid less than other non-African Americans performing the same job.   The basis for Bush's claims under Florida Statute § 448.08 is that he was not paid money he was owed by Whiting Turner while in their employ.

Based on your review of the evidence and your application of the law to the evidence, you may find the defendant liable on all of the claims, some of the claims, or none of the claims.


GRANTED _____
DENIED _____

### ***DEFENDANT'S*** **PROPOSED JURY INSTRUCTION NO. 13.**

### **SUMMARY OF THE DISCRIMINATION CLAIM**

It is unlawful for Whiting-Turner to intentionally discriminate against a qualified employee in regard to the terms, conditions, or privileges of employment because of his race. Bush alleges that Whiting-Turner failed to promote him because of his race. Whiting-Turner denies the claim and asserts that Bush was not promoted to the Assistant Superintendent position because of his performance problems.  It is your responsibility to determine whether Bush has proven his claim by a preponderance of the evidence.

<u>Authority</u>:     42 U.S.C. § 2000e


GIVEN          _____
MODIFIED      _____
DENIED        _____

### *PLAINTIFF'S* REQUESTED JURY INSTRUCTION NO. 13

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1991-- Nature of the Claim**

The first claim asserted by Bush in this case is a violation of Title VII of the Civil Rights Act of 1991.

Under federal law, it is unlawful for an employer to intentionally discriminate against any individual because of that person's race. In this case, the Plaintiff, James Bush, claims that the Defendant, Whiting Turner, intentionally discriminated against him by refusing to review and promote him because of his race and by paying him less than other non-African American employees performing the same job. Whiting Turner denies that it discriminated against Bush because of his race.

It is your responsibility to decide whether Bush has proven his claim against Whiting-Turner by a preponderance of the evidence, as that terms is defined in these instructions.

**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT -- Nature of the Claim**

The second claim asserted by the plaintiff in this case is a violation of the Florida Civil Rights Act.

Under Florida law, it is unlawful for an employer to intentionally discriminate against any individual because of that person's race. In this case, the Plaintiff, James Bush, claims that the Defendant, Whiting Turner, intentionally discriminated against him by refusing to review and promote him because of his race and by paying him less than other non-African American employees performing the same job. Whiting Turner denies that it discriminated against Bush because of his race.

It is your responsibility to decide whether Bush has proven his claim against Whiting-Turner by a preponderance of the evidence, as that terms is defined in these instructions.

Supporting legal authority: 42 U.S.C. § 2000-e; Devitt, Blackmar, Wolff & O'Malley, <u>Federal Jury Practice and Instructions</u>, Section J104A.01, Cumulative Supplement (1997); Fla.Stat. 760.10 (1996); Devitt, Blackmar, Wolff & O'Malley, <u>Federal Jury Practice and Instructions</u>, Section J104A.01, Cumulative Supplement (1997)..

GRANTED __

DENIED __

### _DEFENDANT'S_ PROPOSED JURY INSTRUCTION NO. 14.

### TITLE VII AND FCRA - - RACE DISCRIMINATION IN EMPLOYMENT

In this case Bush makes a claim under the Federal and State Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of race.

More specifically, Bush claims that Whiting-Turner did not promote him because of his race. Whiting-Turner denies that Bush was discriminated against in any way and asserts that Bush was not promoted to the Assistant Superintendent position because of his performance problems.

In order to prevail on this claim, Bush must prove each of the following facts by a preponderance of the evidence:

_First_:      That he was not promoted by Whiting-Turner; and

_Second_:    That his race was a substantial or motivating factor that prompted Whiting-Turner to take that action.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race. So far as you are concerned in this case, an employer may take a specific action against an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for Bush to lead you to substitute your own judgment for that of Whiting-Turner even though you personally may not favor the action taken and would have acted differently under the

circumstances.  Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for Bush to prove that Bush's race was the sole or exclusive reason for Whiting-Turner's decision.  It is sufficient if Bush proves that race was a determinative consideration that made a difference in Whiting-Turner's decision.

If you find in Bush's favor with respect to each of the facts that Bush must prove, you must then decide whether Whiting-Turner has shown by a preponderance of the evidence that Bush would still have been denied a promotion for other reasons apart from his race.  If you find that Bush would have been denied a promotion for reasons apart from race, then your verdict should be for Whiting-Turner.

_____

Authority:   Pattern Jury Instructions 1.2.1, 1.3.1 (U.S. Eleventh Circuit District Judges Association) (2000 Edition);

GIVEN        _____
MODIFIED     _____
DENIED       _____

### *PLAINTIFF'S* PROPOSED JURY INSTRUCTION NO.  14

### TITLE VII AND FCRA - - RACE DISCRIMINATION IN EMPLOYMENT

**[Differences with Defendant's instructions are underlined and italicized]**

In this case Bush makes a claim under the Federal and State Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of race.

More specifically, Bush claims that Whiting-Turner did not *__review or__* promote him because of his race *__and that he was paid less than other non-African-Americans performing the same job__*.  Whiting-Turner denies that Bush was discriminated against in any way and asserts that Bush was not promoted to the Assistant Superintendent position because of his performance problems.

In order to prevail on this claim, Bush must prove each of the following facts by a preponderance of the evidence:

*First*:        That he was not *__review or__* promoted by Whiting-Turner *__or paid the same as other individuals performing the same job__*; and

*Second*:        That his race was a substantial or motivating factor that prompted Whiting-Turner to take that action.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race. So far as you are concerned in this case, an employer may take a specific action against an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for Bush to lead you to

substitute your own judgment for that of Whiting-Turner even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for Bush to prove that Bush's race was the sole or exclusive reason for Whiting-Turner's decision. It is sufficient if Bush proves that race was a determinative consideration that made a difference in Whiting-Turner's decision.

If you find in Bush's favor with respect to each of the facts that Bush must prove, you must then decide whether Whiting-Turner has shown by a preponderance of the evidence that Bush would still have been denied a promotion for other reasons apart from his race. If you find that Bush would have been denied a promotion for reasons apart from race, then your verdict should be for Whiting-Turner.

### *PLAINTIFF'S* REQUESTED JURY INSTRUCTION NO. 14a

### BURDEN OF PROOF — CIRCUMSTANTIAL EVIDENCE

In order to prove race discrimination case, a plaintiff may prove that his employer discriminated against him either by direct or circumstantial evidence. Under federal law, a plaintiff may satisfy this burden by producing sufficient evidence that the justification the employer offers for his employment decision was not the true reason for its decision. In other words, even if the plaintiff does not present direct evidence of discrimination, if the justification the employer offers for his employment decision is not believable, you may infer from the evidence that discrimination was a motivating factor in the employer's decision.

Supporting legal authority: <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, — U.S.— , 120 S.Ct. 2097, 2109, 147 L.Ed. 105 (2000); <u>Munoz v. Oceanside Resorts, Inc.</u>, 223 F.3d 1340 (11th Cir. 2000); .<u>Stallworth v. E-Z Serve Convenience Stores</u>, 2001 WL 12530 (M.D. Ala. 2001).

GRANTED __

DENIED __

## PARTIES' PROPOSED JURY INSTRUCTION NO. 15.

### <u>SECTION 448.08 CLAIM FOR UNPAID WAGES</u>

In this case Bush makes a claim for unpaid wages under Section 448.08 Florida Statutes. More specifically, Bush claims that Whiting-Turner did not pay him all wages and overtime pay owed him for the period from October 1997 to February 1998 only.

If you find that Whiting-Turner failed to pay Bush any wages or overtime that Bush earned from October 1997 to February 1998, then you should find for Bush. If you find that Whiting-Turner paid Bush all wages and overtime pay owed him, then your verdict should be for Whiting-Turner on Plaintiff's Section 448.08 claim for unpaid wages.

_____

<u>Authority</u>:    Section 448.08, Florida Statutes

GIVEN          _____

MODIFIED     _____

DENIED        _____

## PARTIES' PROPOSED JURY INSTRUCTION NO. 16.

### BUSINESS JUDGMENT RULE

In evaluating the evidence, it is important that you remember that the applicable laws only require Whiting-Turner not discriminate against Bush because of his race. Under the law, an employer may exercise its business judgment, even if the decision it makes is one with which you disagree. For instance, an employer may rely on any considerations it deems appropriate in making the decision so long as the considerations and decisions are not motivated by an intent to discriminate. The law does not require that Whiting-Turner rely upon considerations that you would have used or make the decision that you would have made. The decision may be for a good reason, a bad reason, an erroneous reason, or no reason at all, and you are not to judge the ultimate wisdom or correctness of a decision, so long as it is not discriminatory.

Under the law, an employer may consider subjective factors in employment decisions. Moreover, an employer is not required to give special or favored treatment to those who have made complaints about discrimination.

---

Authority:     Walker v. AT&T Technologies, 995 F.2d 846, 849-50 (8th Cir. 1993) (employer entitled to a business judgment instructions); Elrod v. Sears, Roebuck and Co., 939 F.2d 1466, 1470 (11th Cir. 1991) (good faith decision, even if erroneous); Nix v. WLCY Radio/Rahall Communications, 738 F.2d 1181 (11th Cir. 1984), reh'g denied, en banc, 747 F.2d 710 (11th Cir. 1984) (decision may be for a good reason, bad reason, an erroneous reason, or not reason at all); Lieberman v. Gant, 630 F.2d 60, 67 (2d Cir. 1980) (no inference of discrimination can be drawn from

honest even though partially subjective evaluation of qualifications); <u>Loeb v. Textron, Inc.</u>, 600 F.2d 1003, 1012 n.6 (1st Cir. 1979).

GIVEN      _____

MODIFIED    _____

DENIED     _____

## _DEFENDANT'S_ PROPOSED JURY INSTRUCTION NO. 17.

## STRAY REMARKS

Stray remarks do not demonstrate discrimination. In order for a discriminatory comment to be probative of an employer's intent to discriminate, the comment must be direct and unambiguous, as well as relatively near in time to the adverse employment action. The comment must also be related to the employment decision in question.

Bush must show that Whiting-Turner relied on his race in taking any adverse decision. If you find that any discriminatory comments made against Bush involved stray remarks, remarks that were indirect or ambiguous, or remarks not relatively near in time to Whiting-Turner's decision not to promote Bush, you must find for Whiting-Turner on Bush's discrimination claim.

_____

Authority:     Rush v. McDonald's Co., 966 F.2d 1104, 1116 (7th Cir. 1992) (to suffice as evidence of discrimination, a comment must be "relatively contemporaneous to the [adverse employment action] and must 'be related to the employment decision in question.'"); Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 531 (10th Cir. 1994) (hospital CEO's statement that two women over 40 were fired because the hospital "needs some new young blood," and "long-term employees have a diminishing return" were not sufficient to create a jury issue in an ADEA case since they had no nexus to the employment decision); Price Waterhouse v. Hopkins, 490 U.S. 228, 251, 109 S.Ct. 1175, 1791 (1989) ("Remarks at work that are based in sex stereotypes do not inevitably prove that gender played a part in a particular employment decision. The plaintiff must show that the employer actually relied on her gender in making its decision."); Rivers-Frison v. Southeast Missouri Community Treatment Center, 133 F.3d 616, 619 (8th Cir. 1998) ("However, not every remark made at work supports an inference of illegal employment discrimination.");

GIVEN        _____

MODIFIED     _____

DENIED       _____

## *DEFENDANT'S* PROPOSED JURY INSTRUCTION NO. 18.

## REMARKS BY NON-DECISION MAKER

In order for a discriminatory comment to be probative of Whiting-Turner's intent to discriminate, the comment ***must*** have been made by the decision maker who decided to take the adverse action against Bush.  If you find that any discriminatory comments made against Bush were not made by the decision maker who decided to take the adverse employment action, you must find for Whiting-Turner on Bush's discrimination claim.

Authority:    Rush v. McDonald's Co., 966 F.2d 1104, 1116 (7th Cir. 1992) (to suffice as evidence of discrimination, a comment must be "relatively contemporaneous to the [adverse employment action] and must 'be related to the employment decision in question.'"); Price Waterhouse v. Hopkins, 490 U.S. 228, 251, 109 S.Ct. 1175, 1791 (1989) ("Remarks at work that are based in sex stereotypes do not inevitably prove that gender played a part in a particular employment decision.  The plaintiff must show that the employer actually relied on her gender in making its decision.") Stopka v. Alliance of Am. Insurers, 141 F.3d 681, 688 (7th Cir. 1998) ("allegedly discriminatory statements are relevant ... only if they are both made by a decisionmaker and related to the employment decision at issue"); Rivers-Frison v. Southeast Missouri Community Treatment Center, 133 F.3d 616, 619 (8th Cir. 1998) ("However, not every remark made at work supports an inference of illegal employment discrimination."); Wallace v. SMC Pneumatics, Inc., 103 F.3d 1394, 1400 (7th Cir. 1997) (holding that the fact that non-decisionmaker may have uttered a hostile stereotype is not evidence that the stereotype played a role in the challenged employment decision).

GIVEN        _____

MODIFIED    _____

DENIED       _____

### ***DEFENDANT'S*** PROPOSED JURY INSTRUCTION NO. 19.

### COMPENSATORY DAMAGES

If you find that Bush has proven his claims by a preponderance of the evidence, you may, but are not required to, award him compensatory damages. These damages are for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, which you find to be caused solely by Whiting-Turner's discrimination, if any. Remember that back pay, future wages, and attorneys' fees, if any, are only awarded by the Court and you do not need to consider them.

In considering the issue of Bush's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Bush's damages, no more and no less. Damages must not be based on speculation or guesswork because it is only actual damages - what the law calls compensatory damages - that are recoverable.

You may award compensatory damages only for injuries that Bush proves were proximately caused by Whiting-Turner's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Bush's damages, no more and no less.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Whiting-Turner. You should not award compensatory damages for speculative injuries, but only for those injuries which Bush has actually suffered or that Bush is reasonably likely to suffer in the future. For example, only medical expenses which are reasonably certain to be incurred in the future are recoverable. Whiting-Turner must not be held liable for any Bush's losses that were not caused by Whiting-Turner.

In order to mitigate damages, it is not necessary that Bush seek or accept a position which is different or inferior to the position which he alleges he would have retained had they not been discriminated against by Whiting-Turner; he is only required to make reasonable efforts to find and to accept a position which is substantially equivalent to the one which he alleges he would have received absent Whiting-Turner's alleged discriminatory action.

In deciding whether that position Bush either turned down or failed to apply for was substantially equivalent to the position he had, you should consider whether the position under consideration afforded Bush virtually identical job working conditions, and status as the position Bush previously had.

The burden of proving a failure to mitigate damages is on the Defendant, Whiting-Turner. To satisfy this burden, Whiting-Turner must establish by a preponderance of the evidence (1) that the damage suffered by Bush could have been avoided or mitigated, in other words, that there were in fact substantially equivalent positions to the position that he alleges he should have retained for which he was qualified, and (2) that the Bush failed to use reasonable diligence in seeking such a substantially equivalent position.

If Whiting-Turner proves by a preponderance of the evidence that Bush unreasonably refused a good faith offer of reinstatement and back pay by Whiting-Turner, back-wage damages shall be cut off from the date the offer was refused.

If Whiting-Turner proves that Bush unjustifiably failed to take a new job of like kind, status and pay which was available to him or failed to make reasonable efforts to find a new job, you should subtract from his damages any amount he could have earned in a new job after he resigned.

---

Authority:    <u>Pattern Jury Instructions - Civil Cases</u> (11th Cir. 2000), Damages Instruction 1.2 and 2.1 (modified); <u>Pattern Jury Instruction - Civil Cases</u> (5th Cir. 1993), Damages Instruction 15.2; 42 U.S.C. §1981a(b)(3); <u>Lathem v. Department of Children and Youth Servs</u>., 172 F.3d 786, 794 (11th Cir.1999);  <u>Weaver v. Casa Gallardo, Inc</u>., 922 F.2d 1515, 1527 (11th Cir.1991).

GIVEN       _____

MODIFIED   _____

DENIED      _____

### *PLAINTIFF'S* REQUESTED JURY INSTRUCTION NO. 19

### COMPENSATORY DAMAGES

If you find that Whiting Turner intentionally discriminated against Bush because of his race, then you must determine an amount of money that is fair compensation for his damages. You may award compensatory damages only for injuries that the Bush proves to you were caused by Whiting Turner's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. In calculating damages, you should not consider any back pay that the Bush lost. The award of back pay, should you find Whiting Turner liable, will be calculated and determined by the Court.

You may award compensatory damages, based on the evidence introduced at trial, for future pecuniary losses, emotional pain and suffering, inconvenience, and mental anguish.

An award of future damages necessarily requires that monetary payment be made now for a loss that plaintiff will not actually suffer until some future date. If you should find that the plaintiff is entitled to future damages, including future earnings, then you must determine the present value or worth, in dollars, of such future damages.

If you award damages for loss of future earnings, you must consider two (2) particular factors:

One: You should reduce any award by the amount of the expenses that Bush would have incurred in making those earnings;

Two: You must reduce any award to its present value by considering the interest that Bush could earn on the amount of the award if she made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Bush if he receives it today than if he received it in the future when he would

otherwise have earned it. It is more valuable because he can earn interest on it for the period of time between the date of the award and the date she would have earned the money. Thus, you should decrease the amount of any award for loss of future earnings by the amount of interest that Bush can earn on that amount in the future.

You may award damages for any pain, suffering, or mental anguish that the plaintiff experienced as a consequence of the defendant's refusing to hire the plaintiff. No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with accuracy as circumstances permit.

Supporting legal authority: Devitt, Blackmar, Wolff & O'Malley, <u>Federal Jury Practice and Instructions</u>, Section J104A.011, Cumulative Supplement (1997).

GRANTED __

DENIED __

**PARTIES' PROPOSED JURY INSTRUCTION NO. 20.**

**ATTORNEYS' FEES AND COURT COSTS**

If you find for Bush on his discrimination claim, you must not take into account any consideration of attorneys' fees or court costs in deciding the amount of Bush's damages. The matter of attorneys' fees and court costs will be decided later by the Court. Also, you must not take into account any lost wages or future wages in deciding Bush's damages for race discrimination since these issues will be decided by the Court, should you find for Plaintiff.

_____

Authority:    Pattern Jury Instructions No. 6.1 (U.S. Eleventh Circuit District Judges Association) (2000 Edition) (Modified)

GIVEN        _____

MODIFIED     _____

DENIED       _____

## PARTIES' PROPOSED JURY INSTRUCTION NO. 21.

### EVIDENCE

As stated earlier, it is your duty to determine the facts, and in doing so you must consider only the evidence I have admitted in the case.  Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

Any evidence as to which an objection was sustained by the Court and any evidence ordered stricken by the Court, must be entirely disregarded.  Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

In your deliberations you should consider only the evidence--that is, the testimony of the witnesses and the exhibits I have admitted in the record--but as you consider the evidence, both direct and circumstantial you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual  knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

_____

Authority:    District Judges Association 11th Circuit, Pattern Jury Instructions Civil Cases
2.2 (2000; District Judges Association 5th Circuit, Pattern Jury Instructions
179 (1980); Devitt & Blackmarr, 2 Federal Jury Practice & Instructions  589
(3d ed. 1977).

GIVEN          _____

MODIFIED       _____

DENIED         _____

### _PLAINTIFF'S_ PROPOSED JURY INSTRUCTION NO. 21a

### COURT'S COMMENTS NOT EVIDENCE

The law of the United States permits the judge to comment to the jury on the evidence in the case. Such comments are only the expression of the judge's opinion as to the facts; you may disregard them entirely, since you as jurors are the sole judges of the facts.

Supporting legal authority:


GRANTED __

DENIED __

## PARTIES' PROPOSED JURY INSTRUCTION NO. 22.

### <u>DEPOSITIONS -- USE AS EVIDENCE</u>

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of trial by one or more or the attorneys for the parties to the case. The testimony of a witness who is a party or who for some reason cannot be present to testify from the witness stand may be presented in writing under oath or on a video recording played on a television set. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

_____

<u>Authority</u>:     Adapted from 3 Devitt and Blackmarr, <u>Federal Jury Practice and Instructions</u>, § 73.02, at 52 (1987).

GIVEN          _____

MODIFIED    _____

DENIED        _____

## PARTIES' PROPOSED JURY INSTRUCTION NO. 23.

### DUTY TO DELIBERATE

Of course, the fact that I have given you instructions concerning the issues of damages should not be interpreted in any way as an indication that I believe that Wilson should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges--judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

Authority:    Pattern Jury Instructions No. 7.1 (U.S. Eleventh Circuit District Judges Association) (2000 Edition)

GIVEN        _____

MODIFIED     _____

DENIED       _____

**PARTIES' PROPOSED JURY INSTRUCTION NO. 24.**

**ELECTION OF FOREPERSON**
**EXPLANATION OF VERDICT FORM**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in Court.

You will be given a special form of verdict, which consists of multiple questions to be answered YES or NO. I will read to you the form of verdict. The answer to each question must be the unanimous answer of the jury.

You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

_____

Authority:    Pattern Jury Instructions No. 8 (U.S. Eleventh Circuit District Judges Association) (2000 Edition)

GIVEN        _____

MODIFIED     _____

DENIED       _____

**PARTIES' PROPOSED JURY INSTRUCTION NO. 25.**

**<u>PREJUDICE AND SYMPATHY</u>**

Your verdicts must be based on the evidence that has been received and the law on which I have instructed you.  In reaching your verdicts, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party.

_____

Authority:     Florida Standard Jury Instruction

GIVEN          _____
MODIFIED       _____
DENIED         _____

## PARTIES' PROPOSED JURY INSTRUCTION NO. 26.

## <u>JURY DEADLOCKED</u>

Members of the jury, it is your duty to agree on a verdict, if you do so without violating conscientiously held convictions that are based on the evidence. No juror, from mere pride of opinion hastily formed or expressed, should refuse to agree. Yet, no juror, simply for the purpose of terminating the case, should acquiesce in a conclusion that is contrary to his own conscientiously held view of the evidence. You should listen to each other's views, talk over your differences of opinion in a spirit of fairness and candor and, if possible, resolve your differences and come to a common conclusion, so that a verdict may be reached and this case may be disposed of.

You may retire to the jury room for jury deliberations.

_____

Authority:    Florida Standard Jury Instruction

GIVEN            _____

MODIFIED       _____

DENIED          _____