# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6224-CIV-DIMITROULEAS/JOHNSON
**THIS IS A MAGISTRATE CONSENT CASE**

JAMES BUSH,

        Plaintiff,

v.

THE WHITING-TURNER
CONTRACTING CO., a
Maryland corporation,

        Defendant.
_____/

## DEFENDANT'S MOTION TO STRIKE TESTIMONY OF PLAINTIFF'S FOUR SPIRITUAL ADVISERS AND INCORPORATED MEMORANDUM OF LAW

Defendant, **THE WHITING-TURNER CONTRACTING CO.** ("Whiting-Turner"), moves to strike the testimony of Plaintiff **JAMES BUSH's** ("Plaintiff") four spiritual advisers who were recently listed in Plaintiff's Witness List.

### SUMMARY OF ARGUMENT

On December 26, 2000, Plaintiff submitted his Witness List attached to the pretrial report. Pursuant to Plaintiff's December 26, 2000 Witness List, Whiting-Turner timely moved in Limine to strike the testimony of certain witnesses identified by Plaintiff.

On July 16, 2001, Plaintiff submitted his Second Witness List attached to the pretrial report. For the first time, Plaintiff identified the following spiritual advisers as trial witnesses: Catherine Mainer, Melba Hamilton, Charles Teele, and Michael Davis. Plaintiff's spiritual advisers were not disclosed as trial witnesses in Plaintiff's December 26, 2000 Witness List and, consequently, Whiting-Turner did not move to strike their testimony when it filed its timely Motion in Limine.

Whiting-Turner requests that the Court strike Plaintiff's four spiritual advisers from testifying because (i) their testimony is simply hearsay and involves lay opinions by witnesses who lack

personal knowledge, (ii) the testimony is duplicative and cumulative to the issue of damages, and (iii) its probative value is substantially outweighed by its prejudicial effect.

## ARGUMENT

### I. PLAINTIFF'S SPIRITUAL ADVISERS LACK PERSONAL KNOWLEDGE AND THEIR TESTIMONY IS HEARSAY.

Plaintiff's four spiritual advisers did not work at Whiting-Turner and have no personal knowledge as to any incident that happened while Plaintiff was employed at Whiting-Turner. Plaintiff's spiritual advisers can only testify as to discussions they had with Plaintiff and the religious advise they provided him. Consequently, Plaintiff's spiritual advisers lack personal knowledge of the facts in this case and can only testify as to Plaintiff's hearsay comments.

Rule 602 states that, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Lay witnesses can only offer opinion testimony when it is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R. Evid. 701. Moreover, witnesses cannot testify as to hearsay comments, unless these comments fall under an exception to the hearsay rule. Fed. R. Evid. 801.

Plaintiff's spiritual advisers lack personal knowledge of any instance of alleged discrimination in this case. Plaintiff's spiritual advisers did not personally witness any alleged discrimination against Plaintiff. Their testimony is simply comprised of Plaintiff's hearsay statements. Plaintiff's spiritual advisers' testimony serves no useful purpose other than to gain an unfair advantage for Plaintiff at trial via the "sympathy factor." Accordingly, the Court should preclude Plaintiff's spiritual advisers' testimony for lack of personal knowledge and since it entails improper opinion testimony.

## II. PLAINTIFF'S SPIRITUAL ADVISERS' TESTIMONY SHOULD BE EXCLUDED BECAUSE IT IS CUMULATIVE AND ITS PREJUDICIAL EFFECT SUBSTANTIALLY OUTWEIGHS ANY PROBATIVE VALUE.

Plaintiff may argue that his four spiritual advisers should be allowed to testify as to his damages and state of mind. The Court should strike such testimony because it is cumulative and its probative value is substantially outweighed by its prejudicial effect.

### A. Plaintiff's Four Spiritual Advisers Will Present Cumulative Testimony.

Rule 403 states in relevant part:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of *unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.*

Fed. R. Evid. 403 (emphasis added). Rule 403 allows the Court to exclude evidence if it is cumulative and duplicative. Fed. R. Evid. 403.

Should Plaintiff's spiritual advisers testify at trial as to Plaintiff's damages, their testimony will be cumulative and duplicative of Plaintiff's (and his wife's) testimony, and would only serve to unduly delay trial. See Hibiscus Assocs. Ltd. v. Board of Trustees of Policemen & Firemen Retirement System, 50 F.3d 908, 917 (11th Cir. 1995) (trial court properly excluded expert testimony that would be cumulative); McLaurin v. Fischer, 768 F.2d 98, 103-04 (6th Cir. 1985) (court properly excluded cumulative percipient witnesses); Elwood v. Pina, 815 F.2d 173, 178 (1st Cir. 1987) (in civil rights action brought by terminated state employees, trial court did not err in excluding evidence of telephone conversations substance of which was already introduced through admissible evidence as cumulative); Baker v. Firestone Tire & Rubber Co., 793 F.2d 1196, 1200 (11th Cir. 1986) (internal memorandum summarizing problems in manufacture was properly excluded as cumulative of testimony its author gave at trial). Moreover, Plaintiff's spiritual advisers' testimony will be highly prejudicial because it will be presented in a tearful manner to obtain jury

-3-

sympathy. Accordingly, the Court should preclude Plaintiff's spiritual advisers' testimony regarding damages at trial since it is cumulative, duplicative, and highly prejudicial.

## B. Plaintiff's Spiritual Advisers' Testimony Should Be Excluded Because Its Prejudicial Effect Substantially Outweighs Any Probative Value.

The testimony of Plaintiff's four spiritual advisers is simply intended to interject distracting, confusing, and emotionally charged evidence into this case. See Weinstein's Federal Evidence § 403.02[1][a]; United States v. Krulewitch, 145 F.2d 76, 80 (2d Cir. 1944) ("[T]he question is always whether what it will contribute rationally to a solution is more than matched by its possibilities of confusion and surprise, by the length of time and the expense it will involve, and by the chance that it will divert the jury from the facts which should control their verdict."); Anderson v. Malloy, 700 F.2d 1208, 1211 & n.4 (8th Cir. 1983) (excluding testimony of woman who was raped at defendant's motel five months prior to the instant rape since it was too prejudicial and not sufficiently probative); Conway v. Icahn & Co., Inc., 16 F.3d 504, 510 (2d Cir. 1994) (excluding medical records concerning events before and after the time when decisions in question were made); Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 655 (11th Cir. 1993) (excluding testimony that managers at another plant had demonstrated animosity against black employees, since testimony was cumulative, would unnecessarily prolong the trial, and was not especially significant).

Plaintiff has no reason to present trial testimony of four spiritual advisers other than to insert emotionally charged testimony that is completely founded on hearsay statements. The testimony will not add any new fact to the case, since Plaintiff (or his wife) can testify as to Plaintiff's damages. Accordingly, the Court should strike Plaintiff's spiritual advisers' testimony.

-4-

## CONCLUSION

Defendant, THE WHITING-TURNER CONTRACTING CO. requests that the Court enter an Order striking Plaintiff's spiritual advisers' testimony, and for such other relief that is proper and necessary.

## DEFENDANT'S RULE 7.1 STATEMENT

Undersigned counsel for Defendant, pursuant to S.D. Fla. L.R. 7.1, certifies that counsel for the parties have conferred in a good faith effort to resolve the issues raised in this Motion and have been unable to do so.

Respectfully submitted,

SHUTTS & BOWEN LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 379-9103
(305) 347-7386 (facsimile)

By: _____
Sheila M. Cesarano
Florida Bar Number 708364
Rene Gonzalez-LLorens
Florida Bar Number 0053790

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed and faxed on this __24__ day of July 2001 to **DAVID H. POLLACK, ESQ.**, 25 S.E. 2nd Avenue, Suite 1020, The Ingraham Building, Miami, Florida 33131.

_____
OF COUNSEL

MIADOCS 406067.1 RGL