**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6224-CIV-DIMITROULEAS/JOHNSON

JAMES BUSH,

   Plaintiff,

vs.

THE WHITING-TURNER CONTRACTING CO.,

   Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion in Limine (Docket Entry No. 55). This Court has reviewed the pleadings filed incident to this matter and is otherwise duly advised. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that said motion is **GRANTED IN PART AND DENIED IN PART** as follows.

Defendant's Motion in Limine to the extent it seeks to preclude Plaintiff from presenting, referring to, questioning about or commenting upon, directly or indirectly, testimony of alleged discriminatory comments or stray remarks made by non-decision makers, is denied at this time and without prejudice to renew the motion at the appropriate time at trial. The cases cited by Plaintiff in his response brief, Bass v. Bd. Of County Commissioners Orange County Florida, 242 F.3d 996, 1007 (11th Cir. 2001); Ross v. Rhodes Furniture, Inc., 146 F.3d 1286, 1291-92 (11th Cir. 1998); and Walden v. Georgia Pacific Corp., 126 F.3d 506, 521 (3d Cir. 1997) (cited in Ross, 146 F.3d at 1291), are controlling. This line of cases makes clear that stray remarks by non-decisionmakers may

be properly used by litigants as circumstantial evidence of discrimination and therefore "are not **categorically** excludable even though not directly connected to the particular employment decision at issue." Walden, 126 F.3d at 522 (emphasis added). Nonetheless, as correctly observed by the Court in Walden, "[a]lthough stray remarks by non-decisionmakers may be relevant to proving retaliation, we have never held that such remarks are at all times admissible. Rather, the district court retains its normal discretion to exclude such evidence under general relevancy principles." Id. Accordingly, while the court declines Defendant's request to categorically exclude the evidence in question at this time, Defendant may renew its motion at the appropriate time at trial.

Defendant's Motion in Limine to the extent it seeks to preclude Plaintiff from presenting, referring to, questioning about or commenting upon, directly or indirectly, Plaintiff's past performance as a laborer foreman with other employers is denied. To the extent Defendant's proffered non-discriminatory reason for refusing to review Plaintiff and pay him the same salary as a non-minority employee turns on Plaintiff's ability to perform specific mechanical and managerial tasks, the testimony offered is relevant and admissible. See e.g., Schurr v. Oklahoma Disability Law Center, Inc., 182 F.3d 933 (10th Cir. 1999) (a party has a right to present evidence to prove or disprove any claims or defenses).

Defendant's Motion in Limine, to the extent it seeks to preclude Plaintiff from presenting, referring to, questioning about or commenting upon, directly or indirectly, co-workers' testimonies that Plaintiff was a "good" supervisor, is granted but only to the extent Plaintiff seeks to present subjective testimony supporting his claim of discrimination similar to the testimony at issue in Hester v. BIC Corp., 225 F.3d 178 (2d Cir. 2000) and Hawkins

2

v. Pepsico, Inc., 203 F.3d 274 (4th Cir. 2000). In all other respects, including the subject co-workers' testimony of their own personal observations of Defendant's treatment of Plaintiff, as well as his skills as a manager, Defendant's motion is denied.

Defendant's Motion in Limine, to the extent it seeks to preclude Plaintiff from presenting, referring to, questioning about or commenting upon, directly or indirectly, Plaintiff's wife's testimony is denied at this time and without prejudice to renew the motion at the appropriate time at trial once it is clear what Mrs. Bush will be asked to testify about.

**DONE AND ORDERED** on July 27, 2001 in Chambers, at West Palm Beach, Florida.

LINNEA R. JOHNSON
CHIEF UNITED STATES MAGISTRATE JUDGE

CC: The Honorable William P. Dimitrouleas
Sheila M. Cesarano, Esquire
   Shutts & Bowen, LLP
   201 S. Biscayne Blvd.
   1500 Miami Center
   Miami, Florida 33131
David H. Pollack, Esquire
   25 S.E. 2nd Avenue Ste. 1020
   The Ingraham Bldg.
   Miami, Florida 33131