**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 00-6224-CIV-DIMITROULEAS/JOHNSON**

JAMES BUSH,

    Plaintiff,

vs.

THE WHITING-TURNER
CONTRACTING CO.,
a Maryland corporation,

    Defendant.
_____/

FILED by D.C.
JUL 3 0 2001
CLERK U.S. DIST. CT.
S.D. OF FLA. · W.P.B.

## ORDER GRANTING MOTION IN LIMINE

**THIS CAUSE** is before the Court on Defendant's Pre-Trial Motion in Limine to Exclude EEOC Investigator's Report and Notes from Trial filed July 30, 2001. This matter was referred to this Court by the Honorable William P. Dimitrouleas, United States District Judge for the Southern District of Florida, after the parties consented to trial before the undersigned United States Magistrate Judge. In view of said consent, the above-stated motion shall be disposed of by order rather than by report and recommendation.

By way of summary the Plaintiff, James Bush ("Bush"), seeks an order excluding from trial that certain EEOC letter of determination dated August 26, 1999 finding no discrimination and any notes related thereto. The admissibility of evidence is committed to the sound discretion of the district court, and the decision to admit or exclude evidence will be reversed only upon a showing of abuse of discretion. Walker v. Nationsbank of Florida N.A., 53 F.3d 1548, 1554 (11th Cir. 1995); Hines v. Brandon Steel Decks, Inc., 886 F.2d 299, 302 (11th Cir. 1989).

1



Bush moves to exclude the EEOC Letter and related notes from evidence under Rule 403 of the Federal Rules of Evidence on the basis that its probative value is outweighed by the dangers of unfair prejudice and jury confusion. The law in the Eleventh Circuit is well established that while EEOC determination letters are generally admissible in bench trials, Barfield v. Orange County, 911 F.2d 644, 649 (11th Cir. 1990)(and cases cited therein), cert. denied, 500 U.S. 954 (1991), the same liberality does not apply to trials by jury. Id. at 651("[t]he admission of an EEOC report, in certain circumstances, may be much more likely to present the danger of unfair prejudice in the minds of the jury than in the mind of the trial judge, who is well aware of the limits and vagaries of administrative determinations and better able to assign the report appropriate weight and no more."); see also Walker v. Nationsbank of Florida NA, 53 F.3d 1548, 1554 (11th Cir. 1995). "The decision to admit or exclude EEOC Letters of Determination is thus within the discretion of the trial judge; this is particularly important as 'EEOC determinations are not homogenous products; they vary greatly in quality and factual detail.' " Lee v. Executive Airlines, Inc., 31 F.Supp.2d 1355, 1356 (S.D. Fla. 1998)(quoting in part Johnson v. Yellow Freight System, 734 F.2d 1304, 1309 (8th Cir. 1984); see also Stetter v. Shalala, 2001 WL 687593 (4th Cir. 2001)(court properly refused to admit EEOC investigative report in employment discrimination trial finding report suffered from undue risk of prejudice and was likely to invade the province of the jury)(citing Cox v. Babcock & Wilcox Co., 471 F.2d 13, 15 (4th Cir. 1972); Paolitto v. John Brown E & C, Inc., 151 F.3d 60, 65 (2d Cir. 1998)(court did not err in excluding finding of insufficient evidence of probable cause that discrimination occurred; quality of reports varied greatly, and plaintiff's attempts to expose weakness of report may well confuse or mislead the jury); Hall v. Western Products Co., 988 F.2d 1050,

2

1058 (10th Cir. 1993)(court did not abuse its discretion in excluding state agency report); EEOC v. Ford Motor Co., 98 F.3d 1341 (6th Cir. 1996)(affirming district court's right to preclude admission of EEOC finding from bench and jury trials, since jury owes deference to what the EEOC thought the facts were and its cause determination carries "an evidentiary value of practically zero."); Ricker v. Food Lion, Inc., 248 F.3d 1151 (6th Cir. 2001)(same).

This Court agrees with Bush that the danger the EEOC Letter and related notes would confuse the jury, substantially outweighs its probative value and, therefore, must be excluded from evidence in accordance with Fed. R. Evid. 403. The EEOC Letter sought to be introduced in this case is so conclusory that it negates whatever little probative value it possesses. The Letter does not set forth, even in summary fashion, the evidence that was reviewed or even the evidence upon which the Agency relied for its conclusions. Under these circumstances exclusion is warranted. Lee, 31 F.Supp2d at 1357(excluding EEOC Letter of Determination on Rule 403 grounds finding the letter was so conclusory that its probative value was minimal and the chance for prejudice high both in terms of the fact that rebuttal of the conclusion's specific facts was impossible and cross-examination of the determination unavailing); see also Lathem v. Dept. of Children and Youth Services, 172 F.3d 786, 790 (11th Cir. 1999)(affirming district court's decision excluding EEOC Letter of Determination on Rule 403 grounds where the Agency investigation was incomplete); Walker, 53 F.3d at 1554-55 (affirming district court's decision excluding EEOC Letter of Determination on Rule 403 grounds where the letter's admission would force the jury to resolve the conflict between the EEOC's Miami office's finding that there had not been discrimination and the EEOC's Washington office's finding that reasonable cause existed

3

to believe there was discrimination).

The likelihood for confusion in this case is further compounded by the fact there is no evidence the EEOC investigator spoke with the workers who filed affidavits in this case attesting to Bush's performance as an assistant superintendent and by the fact one of the unpaid wage claims was never presented to, or considered by, the EEOC, and is based on a separate analytical framework. Finally, the EEOC investigator's finding of insufficient cause is predicated on a number of factual findings which the District Court held to be in dispute in its January 2, 2001Order on Summary Judgment. For all of these reasons admitting the EEOC Letter and related notes would only serve to confuse the jury as to what their role as a factfinder is, and would likely bias them in favor of the EEOC's conclusion resulting in unfair prejudice. The Court having considered the pleadings filed herein, and being otherwise duly advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Pre-Trial Motion in Limine to Exclude EEOC Investigator's Report and Notes from Trial filed July 30, 2001is **GRANTED**.

**DONE AND ORDERED** this 30th day of July 2001, in Chambers, at West Palm Beach, Florida.

LINNEA R. JOHNSON
CHIEF UNITED STATES MAGISTRATE JUDGE

CC: The Honorable William P. Dimitrouleas
David H. Pollack, Esq.
Sheila Cesarano, Esq.

4