8/2/01

Jury Note .          00-6224-CV-Dimitrouleas

8/2/01

We Have A Verdict

Foreperson

01 AUG -6 PM 1: 46
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. WPB.

80

Florida Bar Number 0053790

**PARTIES' PROPOSED JURY INSTRUCTION NO. 1.**

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial; and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will instruct you on--that is, I will explain to you--the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what was the testimony. Although, as you can see, the Court Reporter is making stenographic notes recording everything that is said, typewritten transcripts will not be prepared in time for your use during your deliberations and you should not expect to receive them.

On the other hand, any exhibits admitted in evidence during the trial <u>will</u> be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

_____

Authority:    Pattern Jury Instructions (U.S. Eleventh Circuit District Judges Association) (2000 Edition); Preliminary Instructions before Trial

GIVEN        _____

MODIFIED     _____

DENIED       _____

## PARTIES' PROPOSED JURY INSTRUCTION NO. 2.

### <u>NOTE TAKING PERMITTED</u>

If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in note taking that you might become distracted from the ongoing proceedings.  Just make notes of names, or dates and places – things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from ;your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

_____

Authority:    Pattern Jury Instructions (U.S. Eleventh Circuit District Judges Association)
                   (2000 Edition); Preliminary Instructions before Trial

GIVEN         _____✓_____
MODIFIED    _____
DENIED        _____

.and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows:  In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements."  The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief."  When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.  The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

---

Authority:   Pattern Jury Instructions (U.S. Eleventh Circuit District Judges Association)
(2000 Edition); Preliminary Instructions before Trial

GIVEN        ___✓___

MODIFIED     _____

DENIED       _____

## PARTIES' PROPOSED JURY INSTRUCTION NO. 3.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine

## PARTIES' PROPOSED JURY INSTRUCTION NO. 4.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show. The statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

---

Authority:    Pattern Jury Instructions (U.S. Eleventh Circuit District Judges Association) (2000 Edition);  Preliminary Instructions before Trial

GIVEN        ___ ✓ ___

MODIFIED     _____

DENIED       _____

00-6224cv-WPD

## JURY INSTRUCTION NO. 1.

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial; and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will instruct you on--that is, I will explain to you--the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what was the testimony. Although, as you can see, the Court Reporter is making stenographic notes recording everything that is said, typewritten transcripts will not be prepared in time for your use during your deliberations and you should not expect to receive them.

On the other hand, any exhibits admitted in evidence during the trial <u>will</u> be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

00-6229-CV-WPD

**INSTRUCTION NO. 2.**
**<u>NOTE TAKING PERMITTED</u>**

If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in note taking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places – things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from ;your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

## JURY INSTRUCTION NO. 3.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone.  On some occasions you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows:  In just a moment the lawyers

for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

00-6224-cv-wp,)

## JURY INSTRUCTION NO. 4.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show. The statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

## JURY INSTRUCTION NO. 5.
### COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions--what we call your deliberations.

*00-6224-CV-wPJ*

## JURY INSTRUCTION NO. 6.
## CONSIDERATION OF THE EVIDENCE
## DUTY TO FOLLOW INSTRUCTIONS

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees which are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls.

## JURY INSTRUCTION NO. 7.

### <u>CREDIBILITY OF WITNESSES</u>

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

## JURY INSTRUCTION NO. 8.

## <u>IMPEACHMENT OF WITNESSES</u>

### <u>(Inconsistent Statement)</u>

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## JURY INSTRUCTION NO. 9.

### **BURDEN OF PROOF**

In this case, each party asserting a claim or a defense has the responsibility to prove every essential part of his contention by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true.

Where more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

**JURY INSTRUCTION NO. 10.**

**PARTIES**

In this case, James Bush is the plaintiff, and The Whiting-Turner Contracting Company is the defendant. For the remainder of my instructions to you, I will refer to the plaintiff as "Bush" and the defendant as "Whiting-Turner."

## JURY INSTRUCTION NO. 11.

## <u>AGENCY</u>

Whiting-Turner is a corporation. A corporation may act only through natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by his or her actions done and statements made while acting within the scope of his or her authority as delegated to him or her by the corporation or within the scope of his or her duties as an employee of the corporation. An employee acting outside his or her delegated authority or outside the scope of his or her duties of employment may not bind the corporation. Thus, an employer is not automatically liable for the acts of its supervisors. However, even though an act is forbidden by a corporation, the act may still be within the scope of employment so as to impose liability on the corporation. In deciding whether the act complained of was within the scope of employment you should consider such factors as where the acts took place, the foreseeability of the act and whether the corporation ratified the activity.

## JURY INSTRUCTION NO. 12

### THE NATURE OF THE CLAIMS -- GENERALLY

In this case, there are three claims being asserted by Bush: (1) Violation of Title VII of the Civil Rights Act; (2) violation of the Florida Civil Rights Act; and (3)violation of Florida Statute § 448.08, Florida's Unpaid Wages Statute.

The basis for Bush's claims under Title VII of the Civil Right Act and the Florida Civil Rights Act is that he was not reviewed or promoted by Whiting-Turner because of his race, and that he was paid less than other non-African Americans performing the same job.  The basis for Bush's claims under  Florida Statute § 448.08 is that he was not paid money he was owed by Whiting Turner while in their employ between October 26, 1997 to March 8, 1998.

Whiting-Turner denies that any discriminatory conduct occurred towards Bush. Whiting-Turner further states that it did not take any adverse action against Bush because of his race.  Specifically, Whiting-Turner denies that it failed to evaluate or promote Bush because of his race and states that it paid all its employees, including Bush, according to their skills.  Moreover, Whiting -Turner states that it paid Bush all the wages to which he was entitled from October 26, 1997 to March 8, 1998, the time period in dispute.

Bush has not identified a single incident which demonstrates he was treated differently than his counterparts.  Moreover, Whiting-Turner states that Bush voluntarily resigned from his employment from Whiting-Turner and was not terminated.

13

## JURY INSTRUCTION NO. 12.

## TITLE VII AND FCRA - - RACE DISCRIMINATION IN EMPLOYMENT

In this case Bush makes a claim under the Federal and Florida Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's race.

More specifically, Bush claims that he was denied a promotional opportunity, not evaluated, and paid lower wages by Whiting-Turner because of Bush's race.

Whiting-Turner denies that Bush was discriminated against in any way and asserts that it made employment decisions about Bush for legitimate business reasons. Specifically, Whiting-Turner denies that it failed to evaluate or promote Bush because of his race and states that it paid all its employees, including Bush, according to their skills.

In order to prevail on this claim, Bush must prove each of the following facts by a preponderance of the evidence:

*First*:        That Bush was not reviewed or promoted by Whiting Turner or paid the same as other individuals performing the same job;  and

*Second*:        That his race was a substantial or motivating factor that prompted Whiting-Turner to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning these factual issues.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race.  So far as you are concerned in this case, an employer may take an employment action for any other reason, good or bad, fair or unfair, and you must not second guess that decision or

permit any sympathy for the employee to lead you to substitute your own judgment for that of Whiting-Turner even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for Bush to prove that Bush's race was the sole or exclusive reason for Whiting-Turner's decision. It is sufficient if Bush proves that race was a determinative consideration that made a difference in Whiting-Turner's decision.

If you find in Bush's favor with respect to each of the facts that Bush must prove, you must then decide whether Whiting-Turner has shown by a preponderance of the evidence that Bush was not promoted, not evaluated, and paid lower wages for other reasons even in the absence of consideration of Bush's race. If you find that Bush was not promoted, not evaluated, and paid lower wages for reasons apart from Bush's race, then your verdict should be for Whiting-Turner.

If you find for Bush and against Whiting-Turner on its defense, you must then decide the issue of Bush's damages:

In considering the issue of Bush's damages, you are instructed that you should assess the amount you find to be justified by a preponderance o the evidence as full, just and reasonable compensation for all of Bush's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Whiting-Turner. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury — tangible and

intangible.  Thus, no evidence of the value of such intangible things as emotional and mental anguish has been or need be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate Bush for those claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(A)  Net lost wages and benefits from March 8, 1998 to the date of trial; and

(B) Emotional pain and mental anguish.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages — that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that Bush failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of Bush's damages by the amount that could have been reasonably realized if Bush had taken advantage of such opportunity.

**PARTIES' PROPOSED JURY INSTRUCTION NO. 13.**

<u>**SECTION 448.08 CLAIM FOR UNPAID WAGES**</u>

In this case Bush makes a claim for unpaid wages under Section 448.08 Florida Statutes. More specifically, Bush claims that Whiting-Turner did not pay him all wages and overtime pay owed him for the period from October 26, 1997 to March 8, 1998 only.

If you find that Whiting-Turner failed to pay Bush any wages or overtime that Bush earned from October 26, 1997 to March 8, 1998, then you should find for Bush. If you find that Whiting-Turner paid Bush all wages and overtime pay owed him, then your verdict should be for Whiting-Turner on Plaintiff's Section 448.08 claim for unpaid wages.

17

## JURY INSTRUCTION NO. 14.

## <u>BUSINESS JUDGMENT RULE</u>

In evaluating the evidence, it is important that you remember that the applicable laws only require Whiting-Turner not discriminate against Bush because of his race. Under the law, an employer may exercise its business judgment, even if the decision it makes is one with which you disagree. For instance, an employer may rely on any considerations it deems appropriate in making the decision so long as the considerations and decisions are not motivated by an intent to discriminate. The law does not require that Whiting-Turner rely upon considerations that you would have used or make the decision that you would have made. The decision may be for a good reason, a bad reason, an erroneous reason, or no reason at all, and you are not to judge the ultimate wisdom or correctness of a decision, so long as it is not discriminatory.

Under the law, an employer may consider subjective factors in employment decisions. Moreover, an employer is not required to give special or favored treatment to those who have made complaints about discrimination.

## JURY INSTRUCTION NO. 15.

## <u>ATTORNEYS' FEES AND COURT COSTS</u>

If you find for Bush on his discrimination claim, you must not take into account any

consideration of attorneys' fees or court costs in deciding the amount of Bush's damages.

The matter of attorneys' fees and court costs will be decided later by the Court.  Also, you

must not take into account any ~~lost wages or~~ future wages in deciding Bush's damages for

race discrimination since these issues will be decided by the Court, should you find for

Bush
~~Plaintiff~~.

## JURY INSTRUCTION NO. 16.

### <u>EVIDENCE</u>

As stated earlier, it is your duty to determine the facts, and in doing so you must consider only the evidence I have admitted in the case.  Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

Any evidence as to which an objection was sustained by the Court and any evidence ordered stricken by the Court, must be entirely disregarded.  Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

In your deliberations you should consider only the evidence--that is, the testimony of the witnesses and the exhibits I have admitted in the record--but as you consider the evidence, both direct and circumstantial you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual  knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

## JURY INSTRUCTION NO. 18.

### <u>DUTY TO DELIBERATE</u>

Of course, the fact that I have given you instructions concerning the issues of damages should not be interpreted in any way as an indication that I believe that Wilson should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges--judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### JURY INSTRUCTION NO. 19.

### ELECTION OF FOREPERSON

### <u>EXPLANATION OF VERDICT FORM</u>

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in Court.

You will be given a special form of verdict, which consists of multiple questions to be answered YES or NO. I will read to you the form of verdict. The answer to each question must be the unanimous answer of the jury.

You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

## JURY INSTRUCTION NO. 20.

## <u>PREJUDICE AND SYMPATHY</u>

Your verdicts must be based on the evidence that has been received and the law

on which I have instructed you.  In reaching your verdicts, you are not to be swayed from

the performance of your duty by  prejudice, sympathy or any other sentiment for or against

any party.

## JURY INSTRUCTION NO. 21.

### <u>JURY DEADLOCKED</u>

Members of the jury, it is your duty to agree on a verdict, if you do so without violating conscientiously held convictions that are based on the evidence.  No juror, from mere pride of opinion hastily formed or expressed, should refuse to agree.  Yet, no juror, simply for the purpose of terminating the case, should acquiesce in a conclusion that is contrary to his own conscientiously held view of the evidence.  You should listen to each other's views, talk over your differences of opinion in a spirit of fairness and candor and, if possible, resolve your differences and come to a common conclusion, so that a verdict may be reached and this case may be disposed of.

You may retire to the jury room for jury deliberations.

MIADOCS 442949.1 RGL

25